NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1886.

MATTER OF WOOD.

*In the matter of the estate of* SAMUEL WOOD, *deceased.*

Where a special proceeding instituted under Code Civ. Pro., §§ 2729, 2810, by an executor, trustee, for the judicial settlement of his account, has been abandoned by consent of all the parties, the same cannot be brought to a hearing, and a creditor, or person interested cannot intervene under id., § 2731.

A petition presented under Code Civ. Pro., §§ 2726, 2808, in behalf of an infant, praying for the judicial settlement of the account of an executor, trustee, cannot be dismissed because of petitioner's failure to

appear by general or special guardian. If respondent, on return of the citation, petitions for a settlement of his account, a special guardian cannot be appointed in the original proceeding ; otherwise such an appointment is proper at a later stage of the cause.

APPLICATION of William Wood for an accounting by the executors of and trustees under decedent's will.

B. E. VALENTINE, *for William Wood.*

E. SCHENCK, *for respondents.*

THE SURROGATE.—Under all the circumstances disclosed in the papers before me I must grant the motion of the respondents for the resettlement of the order of July 10th, 1886, directing them to account.

William Wood, who instituted the proceeding in which that order was entered, has since its entry filed his consent that the proceeding be discontinued. It is questionable, in view of this fact, whether an order could now be lawfully entered therein upon the motion of any of the persons who have sought to intervene. The only authority for the voluntary intervention, in proceedings for executors' and trustees' accountings, of any person other than the petitioner or petitioners, and the person or persons by him or them caused to be cited, rests upon §§ 2731 and 2810 of the Code of Civil Procedure.

Assuming now what is not entirely clear, that the right to such intervention exists in compulsory accountings as well as in accountings had at the instance of a petitioning executor or trustee, the sections referred to do not sanction such intervention until " the hearing." Now no " hearing " has yet been entered upon in the case at bar, and there is much force in the res-

pondents' contention that as this proceeding was instituted by William Wood alone, his abandonment of it has made any hearing impossible.

Even if this contention is unsound the proceeding must be dismissed. Of the persons who are named as parties in the July order, one is dead, and all the others have either formally consented to a discontinuance or have released their interests in the estate.

There may be grave reasons to doubt whether the course pursued by the executors and trustees in effecting settlements with these persons is authorized by the will under which they have been acting, or will hereafter, in case it is assailed, be sanctioned by the Surrogate ; but this matter does not now arise for determination.

APPLICATION, for the like relief, made by Mary A. Wood, as administratrix, etc., and in behalf of her infant children.

B. E. VALENTINE, *for Mary A. Wood.*

E. SCHENCK, *for respondents.*

THE SURROGATE.—This petitioner is the widow of Martin Wood, deceased, who was in his lifetime a legatee under the will of this testator, and one of the executors and trustees of his estate. She applies for an accounting of the surviving executors and trustees, both in her capacity as administratrix of her deceased husband and on behalf of her children, Mary B. Wood and Alfred L. Wood, both of whom are infants.

The respondents allege in their answer that, prior to the commencement of the proceeding at bar, the

petitioner brought against them in the Supreme court an action, which is still pending, and in which the administratrix of Martin Wood, deceased, may obtain the very relief which she is here seeking.

It is true that she does not in that action expressly ask for an accounting, but they insist that something in the nature of an accounting can nevertheless be had if there shall be need of it, and that a recovery upon the claims which the administratrix is prosecuting in the Supreme court would make any accounting before the Surrogate unnecessary.

The effect upon the proceeding at bar of the pendency of the action referred to need not, however, be the subject of serious consideration. For I must order an account to be filed upon the application in behalf of Mrs. Wood's children, and when such an account is presented, Mrs. Wood, as administratrix, may doubtless make herself a party to the proceeding for its settlement, notwithstanding the continued pendency of the suit in the Supreme court.

The children referred to are heirs and next of kin of their late father, Martin Wood, and are entitled as such, under the first subdivision of the second clause of this testator's will, to receive upon the death of their uncle, Joseph Wood, a legacy of $5,000. This is an interest which entitles them to demand an account (Code Civ. Pro., §§ 2726, 2808, § 2514, subd. 11; Campbell v. Purdy, 5 *Redf.*, 434; Hood v. Hood, 85 *N. Y.*, 577).

The respondents further claim that the petition in behalf of the infants should be dismissed, because they do not appear either by general or special guardian.

This contention is unsound. Sections 2726 and 2808 (*supra*) expressly declare that in behalf of an infant interested in a decedent's estate, " any person " may present a petition praying for an accounting by such decedent's executor, administrator or testamentary trustee. Thereupon a citation must be issued directing the person cited to show cause why he should not be ordered to account. If upon the return day of such citation he makes application for a voluntary accounting, he cannot be ordered to account in the proceeding instituted in behalf of the infant, and no occasion therefore can arise in *that* proceeding for the appointment of a special guardian. Such an appointment is seasonably made if made upon the return of the citation issued upon the petition of the accounting party himself.

If a person cited on behalf of an infant to account as executor, administrator or trustee fails, on the other hand, to file a petition for a voluntary accounting, but undertakes, as the respondents have undertaken in the case at bar, to show cause why he should not be required to account, the petition in the infant's behalf should not be dismissed without affording him an opportunity by general or special guardian to oppose its dismissal.

If the infant's petition is granted and an account ordered, and there is no appearance by the general guardian, no further steps should be taken in the proceeding until after the appointment of a special guardian.

An order may be entered, directing the respondents to account.