### In re LAWRENCE'S ESTATE.

#### (Surrogate's Court, New York County. May 3, 1888.)

EXECUTORS AND ADMINISTRATORS—LIABILITY TO ACCOUNT—RIGHTS OF REMAINDER-MAN AFTER A LIFE-ESTATE IN A LEGACY.

The heir of a legatee of the remainder after a life-estate is entitled to an accounting under Code Civil Proc. § 2726, providing that the executor or administrator of an estate may be cited to account by any person interested in the estate, though the owner of the life-estate be living.

On petition for an accounting.

Code Civil Proc. § 2726, provides that an executor or administrator may be cited to show cause why he should not render and settle his account by a person interested in the estate or fund.

*John A. Carney,* for petitioner.   *Foster & Thompson,* for respondents.

RANSOM, Sur. Application by the general guardian of two infants for a compulsory accounting; more than 18 months have elapsed since the testator's death, and no account has been filed. The respondent claims that the petitioners are not "parties interested in the estate," within section 2726. The petition alleges that the petitioners are interested in the estate of deceased to the extent of one-eighth each, and are particularly interested in a fund of $50,000. A life-estate in this sum was given to the wife of testator, (the grandmother of petitioners,) and, after her death, remainder to his children, one of whom was the father of these infants. The grandmother is still living, but the father of petitioners is dead. In order to require an account to be rendered, it is not necessary that there should be a party entitled to present payment. An account may be required in order to disclose the state of the fund. *Bogart* v. *Van Velsor,* 4 Edw. Ch. 718. The infants in this proceeding are the heirs and next of kin of their late father, and are entitled, as such, to the remainder after the life-estate given by the will. Persons so situated have been held to be "interested in the estate," within the meaning of section 2726. *Campbell* v. *Purdy,* 5 Redf. Sur. 434; *In re Wood,* 5 Dem. Sur. 348, 7 N. Y. St. Rep. 721; Redf. Law & Pr. Sur. 669, 670. Motion granted.