### In re Wood's Estate.

*(Surrogate's Court, New York County, October 28, 1891.)*

1. ADMINISTRATION C. T. A.—LEGATEES.

As legatees are, under Code Civ. Pro. section 2643, subd. 2, each entitled to apply for letters c. t. a. without citing the others, an application by a legatee to revoke such letters granted to another legatee will be denied, when the surrogate who granted such letters did not, in his discretion, deem it advisable to have everybody interested in the estate notified of the application.

2. SAME—WHEN MALES PREFERRED.

Other things being equal, the court, in a case where there are opposing claims, will issue letters c. t. a. to a male in preference to a female, although the preference of males to females in case of intestacy 4 Rev. Stat. 8th ed. p. 2552) was as to administration c. t. a., aboilshed by the enactment of Code Civ. Pro. section 2643, substituted for 3 Rev. Stat. (6th ed.) p. 74, providing for the issuance of letters with like restrictions as in cases of intestacy.

3. SAME—WHO IS A LEGATEE.

One is a legatee entitled to apply for administration c. t. a. (Code Civ. Pro. section 2643), although not named in the will as a legatee, when she was entitled as an heir of a legatee named in the will to a share in the fund thereby bequeathed.

Proceedings by Joseph S. Wood to revoke letters of administration c. t. a. of Samuel Wood, deceased, issued to Jennie E. Wood, and that same be issued to applicant, on the ground that he was named as a legatee in the will, but that she was not expressly named as a legatee, although she took an interest under the will. Both parties claimed under subdivision 1 of paragraph 2 of the will, which was as follows: "I hereby direct and require my executors to set apart out of my estate *    * $15,000, to pay the income thereof semi-annually to my cousin Stephen Wood, during his natural life, and, after his decease, then to pay the income of said $15,000 to the children of said Stephen Wood who shall be living at the time of his death, and to the issue of such of them as shall be dead, as follows:    The income of $5,000 to each of his sons, Martin and Joseph Wood, and the income of $2,500 to each of his daughters, Elizabeth Jones  *   *   *   and Mary Baldwin,  *   *   *   during the natural life of his son, said Joseph Wood; and, on the death of the said Joseph Wood, I give and bequeath the said principal sum of $15,000 as follows:   $5,000 to said Martin Wood and his heirs, $5,000 thereof to the heirs of said Joseph Wood, $2,500 thereof to the said Elizabeth Wood and her heirs, and $2,500 thereof to said Mary Baldwin and her heirs.   But, if either of the above named shall die without lawful issue before the death of the said Joseph, then the share of such deceased legatee shall be equally divided among such of the children of Stephen Wood as shall survive, and their lawful issue, *per stirpes.*"

Petitioner was Joseph Wood, who was described in the will as the son of Stephen Wood. Martin Wood, also named in the will, had died, and Jennie E. Wood, his daughter, who thereupon became entitled to share in the income bequeathed to him

during the life of Joseph Wood, and who was entitleo to share in the principal upon the latter's death, and who was likewise entitled to share in the principal sum bequeathed to Mary Baldwin if the latter died before Joseph Wood, claimed that she was a legatee under the will, although her name did not appear as such therein.

Treadwell & Catlin, for applicant; Magner & Hughes, for respondent.

RANSOM, S.—Application to revoke letters of administration c. t. a. upon the ground that petitioner has a right to the letters prior to that of the respondent, and that they were issued to the latter without notice to the former. The question is, has petitioner such prior right? Section 14, pt. 2, ch. 6, tit. 2, art. 1, 3 Rev. Stat. (6th ed.) p. 74, for which section 2643 of the Code of Civil Procedure was substituted, provided for the issuance of letters of administration c. t. a. first to legatees, "then to the widow and next of kin of the testator, or to any creditor of the testator, in the same manner and under the like regulations and restrictions as letters of administration in case of intestacy." Among those restrictions and regulations is that which prefers males to females in case of intestacy, and is contained in section 28, art. 2, tit. 2, ch. 6, pt. 2, of the Revised Statutes. 3 Rev. St. (6th ed.) p. 78; 3 Rev. St. (8th ed.) p. 2552; Cottle v. Vanderheyden, 11 Abb. Pr. (N. S.) 19. This section is still in force. Section 14 of the Revised Statutes was repealed by chapter 245 of the Laws of 1880, and section 2643 of the Code of Civil Procedure enacted in its stead. This section of the Code establishes the order of priority in which parties are entitled to letters of administration c. t. a., and makes no discrimination between males and females. The order is: First, to one or more of the residuary legatees who are qualified to act as administrators; second, if there is no such residuary legatee, or none who will accept, then to one or more of the principal or specific legatees so qualified, etc. Each of the parties to this

proceeding is a legatee under subdivision 1, par. 2, of the will of the testator; both being recipients of the income of trusts, and the respondent being also entitled to share, in a certain event, in the funds held in trust for the petitioner and Mary Baldwin, respectively. *In re* Wood's Estate, Surr. Dec. 1889; p. 120; *In re* Wood, 5. Dem. Sur. 348; *In re* Rôux, Id. 523; Estate of Thompson, 33 Barb. 334, affirmed 28 How. Pr. 58. They are both legatees, within the second subdivision of section 2643, and each was at liberty to apply for letters without citing the other. Section 2644, Code Civ. Pro. Had he deemed it advisable, the surrogate could, in his discretion, have required everybody interested in the estate to be notified of the application. Section 2643, Id. He did not do so in the present case, and the petitioner can have no ground of complaint for the omission. If the petitioner had been a party to the proceeding in which the letters were issued, it would have been within the discretion of the court to grant them to either or both the parties, as the circumstances would warrant. Other things being equal, the court, in a case where there are opposing claims, would prefer the male to the female in issuing the letters. Application denied.

(Note.—Affirmed by General Term, 53 St. Rep. 804.)