In the Matter of the Estate of Samuel Wood, Deceased; Augustus J. Hewlett and Others, Petitioners, Appellants; Jennie E. Wood, as Administratrix, etc., Respondent.

*Administratrix with the will annexed — application for revocation of letters, under section 2685 of the Code of Civil Procedure.*

On appeal from a decree of a Surrogate's Court denying an application made, under section 2685 of the Code of Civil Procedure, by persons interested in an estate, for the revocation of letters of administration, with the will annexed, which had been issued to an administratrix, in which proceeding an allegation of waste was based upon the charge that the administratrix had sold a piece of land at less than its value, it appeared that, although the affidavits presented on the part of the petitioners placed the value of the property at a much greater sum, there were affidavits produced before the surrogate tending to show that the sum for which the property was sold by the administratrix was its fair and reasonable value.

*Held,* that in view of this conflict of evidence, the petitioners had not made out such a case of improvidence against the administratrix as would justify her removal.

Another ground of the application for revocation of the letters was that the administratrix was under the control of an attorney who, with her connivance, had committed a fraud in securing an opinion of the General Term of the Supreme Court upon an agreed case.

*Held,* that the facts in connection with this allegation did not call for the removal of the administratrix, since, although the submission was made under the advice of the attorney, and it appeared that the General Term recalled the decision which it had rendered thereon, and that while the conduct of the attorney may have been improper, it was not established that the administratrix knew or had reason to believe that there was any impropriety in his action.

The application was also based upon an allegation that the administratrix had concealed herself so that process could not be served upon her.

*Held,* that this fact was not sufficiently substantiated to warrant a reversal of the decision of the surrogate.

Appeal by the petitioners, Augustus J. Hewlett and others, from a decree of the Surrogate's Court of the county of New York, entered on the 3d day of June, 1892, denying their application for the revocation of letters of administration theretofore granted to Jennie E. Wood.

*Julien T. Davies* and *Byron Traver,* for the appellants.

*B. E. Valentine,* for the respondent.

Lawrence, J.:

This is an appeal from an order or decree of the surrogate of the city and county of New York, denying the application of the appellants for a revocation of the letters of administration, with the will annexed, upon the estate of Samuel Wood, deceased, theretofore issued to the respondent, Jennie E. Wood. The application is made under section 2685 of the Code of Civil Procedure, and is based upon four grounds: (1) That she has wasted the estate to which the appellants would be ultimately entitled; (2) that she is completely under the influence of an attorney for persons asserting large claims against the estate, and who was using the administratrix for his own ends and purposes; (3) that she had kept herself concealed, under the advice of such attorney, so that process could not be served upon her; and (4) her connivance at the commission of a fraud on the part of said attorney in securing an opinion on a question of law from this court upon an agreed case.

The testator, Samuel Wood, died in 1878, leaving a will and codicil, which were duly admitted to probate by the surrogate of the county of New York. He devised his residuary estate to his executors, in trust, to invest and provide for the payment of certain life annuities and legacies, and, second, to create and maintain a benevolent hospital. By the codicil it was provided that, instead of a hospital, the devise and bequest of the residuary estate should be applied to the founding of a musical institution, to be known as, and called "The Samuel Wood Musical College," or "The Samuel Wood College of Music of the City of New York." The gift in trust for charitable uses was finally declared to be incapable of enforcement, and void, and, therefore, so much of the residuary estate as was directed to be applied to such uses, passed to Abraham Hewlett, the nephew of the testator, and his sole heir and next of kin. Two of the executors are dead, one was removed, and the letters to the fourth were revoked, as having been improperly granted. In January, 1891, the office of executor under the will and codicil being vacant, letters of administration cum testamento annexo were issued to the respondent, Jennie E. Wood.

The allegation of waste is based upon the fact that the administratrix sold a piece of land containing one and three-quarter acres to one Nesbit for $500, which it is claimed was far below the value of

the property, and that in consequence of its peculiar situation with reference to other portions of the property it was largely increased in value. We deem it sufficient to say in regard to this allegation that on the proceeding before the surrogate, affidavits were produced tending to show that the sum for which the property was sold by her was its fair and reasonable value. It is true that the affidavits produced on the part of the appellants place the value of the property at a much greater sum. But in view of this conflict of evidence, we do not think the appellants have made out such a case of improvidence against the administratrix as would justify her removal.

Neither do we consider that the appellants have made out that the administratrix is so thoroughly under the control of her attorney that she ought to be removed. The submission of the case of *Wood* v. *Nesbit*, to the General Term was undoubtedly done under the advice of the attorney, but we cannot say that that act was so improper on the part of the respondent as to lead us to deprive her of her office. The General Term in that case decided that the attorney was in fact the counsel for both parties and that the controversy was not of that character which the Code contemplates, and, therefore, it recalled the decision which it had rendered upon the submitted case. The conduct of the attorney may have been improper, but it is not established that the respondent knew or had reason to believe that there was any impropriety in the action which the attorney had taken.

As to the point that the letters issued to the respondent were improperly issued, we think that the appellants are not entitled to question the validity of those letters, in view of the decision of the surrogate, made upon the application of Joseph S. Wood, who claimed a prior right to the administratrix to such letters.

In respect to the allegation that the administratrix has concealed herself so that process could not be served upon her, we do not find that fact sufficiently substantiated to warrant us in reversing the decision of the surrogate. The surrogate has had the matter of this will and the appointment of the respondent frequently before him and has been fully apprised of her acts. After a full hearing of the allegations of the petitioners and the respondent, and argument thereon, he has declined to grant the prayer of the petitioners, and although we have the right to examine this matter as *res nova*, we

think that upon the whole case the decision of the surrogate should be confirmed.

Various technical exceptions to the procedure of the petitioners and the regularity of their practice are discussed in the brief submitted on the part of the respondent, which it is unnecessary, in the view we have taken of this case, for us to consider. We are, therefore, of opinion that the decree or order of the surrogate should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Decree of surrogate affirmed, with costs.