misjoinder of parties under the particular circumstances of each case.

In this case he decided that there was no misjoinder of complainants so far as the bill seeks to restrain the continuance of a nuisance which was a common though not a joint injury to both of the complainants.

In a bill to restrain a nuisance

That where multifarious relief is not prayed for in the bill it is not a matter of course to give it the hearing, under the general prayer, in addition to the relief in which the complainants have a common interest.

Order to close proofs vacated and time to produce witnesses extended to the first of November next inclusive.

Complainants to pay $15 for costs of entering order to close proofs, noticing cause for hearing and opposing application to open proofs. Motion to amend bill by striking out the name of Murray as one of the complainants denied, with $15 costs. But complainants to have libeerty to amend their bill within twenty days, by striking out the prayer for an account and payment of the damages.

*James Outtrin* v. *Benjamin Graves, committee, &c.* O L. BARBOUR, for complainant; N. F. GRAVES, for the defendant. Application for injunction or order restraining the defendant from proceeding at law to foreclose a mortgage denied, with $12 costs ; but without prejudice to complainant's right to make such an application to the vice-chancellor as he may be advised is proper to stay the committee from paying away the moneys which may be received by him upon the bond and mortgage, until after the decision of the chancellor upon the appeal.

*Jacob M. Coope* v. *John M. Lowerre.* E. SANDFORD, for appellant; H. F. CLARK, for respondent. Appeal from a decision of the surrogate of the city and county of New-York, appointing the respondent, Lowerre, administrator of his father's estate. The Revised Statutes provides that administration, in case of intestacy, shall be granted to the relatives of the deceased who would be entitled to his personal estate, if they, or any of them, will accept the same, in the order specified in the statute. The 32d section of the title

Extent of a surrogate's discretion as to the person to be appointed adm'r.

relative to granting letters testamentary or of administration, (2 *R. S.* 73,) provides that no letters of administration shall be granted to a person *convicted* of an infamous crime ; not to any one incapable by law of making a contract; nor to an alien unless he resides in this State ; nor to a minor; nor to any one who shall be adjudged incompetent by the surrogate to execute the duties of such trust by reason of drunkenness, *improvidence,* or want of understanding ; nor to a married woman.

In this case the chancellor decided, that under these provisions of the statute a surrogate has no discretion to exclude the person declared by the statute to be entitled to a preference, except for the causes specified in the 32d section.—— That no degree of legal or moral guilt or delinquency is sufficient to exclude a person from the administration, as the next of kin, in the cases of preference given by the statute, unless such person has been actually convicted of an infamous crime. And that the conviction intended by the statute must be upon an indictment or other criminal proceeding.

That the improvidence contemplated by the statute as a ground of exclusion, is that want of care or foresight in the management of property which would be likely to render the estate and effects of the intestate unsafe, and liable to be lost or diminished in value by his improvidence, in case administration thereof should be committed to the improvident person.

Decision of the surrogate affirmed, but without charging appellant with costs upon the appeal.

*John H. Linsman* v. *Nicholas H. Stevens et al.* C. O'-Connor, for complainant; O. L. Barbour and H. H. Wheeler, for defendants. Order dismissing bill with costs as to all the defendants who have appeared and answered for want of prosecution.

*James A. Clark, adm'r, &c.,* v. *Samuel A. Willoughby.* E. Sandford, for appellant; C. H. Owen, for respondent. Appeal from an order of the vice-chancellor of the first circuit ordering the defendant's exceptions to the master's amended report to be taken off the files. The chancellor de-

Exceptions to master's amended report; what questions may be raised by.