* Johnson, J.
 

 — This case depends upon the r ^ . construction of the statute. (2 R. S. 75, § 32.) *- It reads as follows: “No letters of administration shall be granted to a person convicted of an infamous crime; nor to any one incapable by law of making a contract; nor to a person who is not a citizen of the United States (unless such person resides within this state); nor to any one who is under twenty-one years of age;
 
 nor to any person who shall be judged incompetent, by the surrogate, to execute the duties of such trust, by reason of
 
 drunkenness,
 
 improvidence,
 
 or want of understanding; nor to any married woman; but,” &c. The surrogate judged the appellant to be competent to execute the duties of administrator, and ordered him to be appointed; the supreme court reversed that judgment, holding the appellant to be incompetent, by reason of improvidence.
 

 The first question is, whether the determination of the surrogate upon the question of incompetency is subject to review. We think, it is;
 
 [1]
 
 for, otherwise, his determination, not only under this section, and under subdivision 5 of § 3, page 69, and §§ 18 to 22 of 2 R. S. 72, but also under § 34 of chap. 460 of the laws of 1837, would likewise be final. Under § 104, 2 R. S. 610, appeals from the orders, decrees and sentences of-surrogates, are given, in all cases, to the court of chancery, except where pro
 
 *416
 
 vision had already been made for an appeal to the circuit judge, and except upon orders concerning the admeasurement of dower.
 

 The remaining question is, whether the surrogate rightly decided, that the appellant was not incompetent, by reason of improvidence, to be administrator. All the evidence bearing upon the question was contained in a letter written by the appellant, in Santa Fe, to his mother, in New York, and dated the 9th November 1848. In that letter, he says, “Never since I left my home, have I wronged any one, except in gambling; I am dealing a very large game; I open my bank with $2500 every night; in the last week, I have won $2700.” The appellant’s application for letters of administration on his *mother’s estate, was made on the 9th of * 448 ] July I860.
 

 Upon this evidence, it is contended, that there is no proof that the ¿ppellant was, at the time of his application, a professional gambler. We think, however, with both the courts below, that upon the evidence, we cannot but hold, that he presumptively continues the same course of life which he was leading at Santa Fe. We are, therefore, called upon to consider, whether the fact that a man is a professional gambler, is presumptive evidence of such improvidence, as unfits him for the office of administrator or executor. The inquiry is limited to the question of presumption, for it is not necessary to say, whether or not the evidence is conclusive, as, in this case, no contrary circumstances are disclosed.
 

 We coincide entirely in the views expressed by the chancellor, in
 
 Coope
 
 v.
 
 Lowerre
 
 (1 Barb. Ch. 45), that this statute does not at all look at moral delinquency, but regards merely the likelihood of the estate and effects of the intestate being lost or squandered by an improvident person. But, so regarding the statute, we should obstinately close our eyes against the light of experience, if we failed to recognise the truth, that the pursuit of gam
 
 *417
 
 bling is, in. a pecuniary sense, the most hazardous of all pursuits. That it naturally engenders habits of recklessness and extravagance; that, whether, for the time, successful or unsuccessful, it has but one common issue, and that, utter ruin. We think, therefore, that the fact of a being a gambler, is
 
 primd facie
 
 evidence of such improvidence as rendered him incompetent to be an .administrator ; and that the facts shown in this case, relating to the appellant’s succéss in that pursuit, are not sufficient to rebut the presumption of incompetence. The judgment of the supreme court must be affirmed
 

 Judgment affirmed.
 
 [2]
 

 [1]
 

 Welles, J., dissented upon this point; but held, that the surrogate erred, in refusing leave to examine Harrison as a witness — a point not nciticed by the court.
 

 [2]
 

 As to what amounts to improvidence, under the statute, see Emerson v. Bowers, 14 N. Y. 449 ; Coggshall v. Green, 9 Hun 471.