Johnson, J.,
delivered the opinion of the court.
The plaintiff declared in assumpsit against the defendant (whom in the commencement of the declaration he styles “ the survivor of William Bruce ”) upon the money counts ; the indebtedness and promises being stated as of “the defendant,” without any addition of special character. To the declaration was annexed a copy of a joint and several promissory note, dated January 21,1837, at three months, for $200 with interest, and made by Wm. Bruce and the defendant. The defendant pleaded the general issue and that the action did not accrue to the plaintiff at any time within six years next before the commencement of the suit. To the special plea there were two replications : 1st. Taking issue upon the special plea; and 2d. That within six years from the accruing of the action Vermilya departed and resided out of this state, and that suit was commenced within six years after the cause of action accrued, exclusive of the time of Vermilya’s absence from the state. To the second *448 replication there were two rejoinders: 1st. That the cause of action accrued to the plaintiff, against Vermilya jointly • with Bruce, and that at the time when the causes of action accrued, and thenceforth until his death, a period of more than six years, Bruce resided in New York. 2d. Taking issue upon the averment of the second replication.
The plaintiff, to the first rejoinder, surrejoined that six years did not elapse between the accruing of the causes of action and the death of Bruce.
The defendant’s rebutter averred that six years did elapse, and concluded to the country.
The cause was tried before Justice Mitcbbill without a jury. Upon the trial the defendant admitted that he left New York in the latter part of 1837, and remained absent till the summer of 1843. The plaintiff admitted that Bruce resided in New York, continually, from the making of the note till his death on the 15th day of January, 1845.
The defendant claimed that the action could only be sustained as upon a joint contract, and that it was barred by the statute of limitations, and that he was entitled to judgment on the issue whether the causes of action accrued within six years next before the commencement of the suit, and also upon the issue whether six years intervened between the accruing of the cause of action and the death of Bruce. The judge decided against the defendant on each of the issues and the defendant excepted. All the issues were then, by direction of the judge, found for the plaintiff and the defendant excepted. It is very obvious that the finding of the judge, that six years did not elapse between the accruing of the causes of action and the death of Bruce, was not true in point of fact, since they accrued in April, 1837, and Bruce died in January, 1845. The only point in the case that requires to be considered is, whether this action is brought on a joint contract of Vermilya and Bruce, or on a separate contract of Vermilya. The addition in the commencement of the declaration of the words “ survivor of *449 William Bruce,” is mere harmless surplusage, and is of no more legal consequence than if he had been named with the addition of “esquire,” or “gentleman.” (Christopher v. Stockholm, 5 Wend., 36; Hunt v.Van Alstyne, 25 Wend., 605.) Rejecting the addition, the suit is against the defendant on his several liability, and then the principle of Brown v. Delafield (1 Denio, 445) applies. Upon the general question the plantiff was not barred by the statute of limitations, and all the issues were rightly determined in his favor, except that which related to the period of Bruce’s life. This was utterly immaterial, and as if it had been found in the defendant’s favor he could not have had any advantage from it, the first replication having been rightly found in the plaintiff’s favor, the judgment will not be disturbed. (People v Haddock, 12 Wend., 475.)
The judgment must be affirmed.
Judgment affirmed.