NEW YORK COUNTY—HON. GIDEON J. TUCKER, SURROGATE—June, 1862.

### ELMER *v.* KECHELE.

*In the Matter of the Administration on the Estate of* MADALENA KECHELE, *deceased.*

An applicant for letters of administration will not be precluded from receiving them by reason of his intemperance, unless it be of such a gross character as would warrant overseers of the poor in designating him an habitual drunkard, under the Revised Statutes, or a jury in adjudging him so to be.

The intestate died January, 1, 1863, and her husband applied for letters of administration upon her estate. Jacob Elmer, an alleged creditor of the intestate, opposed the granting of letters, on the ground that the petitioner was intemperate in his habits, which incapacitated him from administering upon the estate.

PHILIP F. SMITH, *for Petitioner.*

JOHN C. LAUG, *for Creditors opposing.*

THE SURROGATE.—The question in this case is, whether the husband of the deceased is incompetent, by reason of drunkenness, to administer on her estate. Several witnesses swear that they have seen Kechele intoxicated from time to time.

But they do not show, in my judgment, habitual, con-

tinued, inveterate, and irremediable habits of drunkenness, incapacitating him for the transaction of business. Only such habits can be held to have been intended by the statute as a disqualification of any person for the trust of administration on the ground of drunkenness, as would warrant overseers of the poor in designating such person as an habitual drunkard, under the Revised Statutes, or a jury in adjudging him so to be. The law expressly confides the privilege of administering upon a deceased wife's effects to her surviving husband, on condition of his giving adequate security, and this privilege is not to be forfeited without clear evidence of his incapacity.

Kechele must be granted letters of administration, on filing his bond in double the value of the personal estate, with two sufficient sureties, justifying to the satisfaction of the surrogate.