Estate of Blanck, deceased.

## SURROGATE'S COURT.

### In the estate of AARON P. BLANCK, deceased.

*Guardian — Of infant — When entitled to letters of administration — Code of Civil Procedure, section 2643.*

Where an infant would be entitled, but for his infancy, to letters of admin. istration with the will annexed, the guardian of such infant is entitled to letters unless disqualified for some cause specified in the statute.

*New York County, January, 1886.*

ROLLINS, *S.*— This testator died in 1873, leaving him surviving his widow Elizabeth and his son Aaron. To the former he gave by his will the rents, interest, &c., of all his estate, real and personal, subject to certain qualifications not necessary to be here indicated. He provided that, in case she should remarry, the estate should be converted into money, whereof she should receive one-third and his son two-thirds; in case she should remain his widow during her life, he directed that, upon her death, the residue of the estate should go to his son Aaron, if living, and, if not, to such of Aaron's lawful children as might be then alive.

The testator's widow is now 73 years of age. His son Aaron lately died, leaving him surviving his wife Emma (since married and now Mrs. Morrison) and two children, minors then and still, of whom their mother is guardian. As such guardian she asks to be appointed administratrix *c. t. a.* of this estate, which, because of the death of one of the executors and the resignation of the other, is now without any legal representative.

The testator's widow has herself renounced any claim to letters, but she opposes Mrs. Morrison's application upon grounds which would strongly appeal to my discretion if I were at liberty to exercise it. It has been repeatedly held, however, by our courts, that letters of administration must be granted to an applicant who is preferentially entitled under the statute, unless

he is disqualified for some cause that the statute specifies (*O'Brien agt. Neubert*, 3 *Dem.*, 156; *Coope agt. Lowerre*, 1 *Barb. Ch.*, 45; *McMahon* agt. *Harrison*, 6 *N. Y.*, 443; *McGregor* agt. *McGregor*, 1 *Keyes*, 133; *Emerson* v. *Bowers*, 14 *N. Y.*, 449).

In the case at bar Mrs. Morrison, as guardian of her children, who are legatees under their grandfather's will, is clearly entitled to letters.

It is provided by section 2643 of the Code of Civil Procedure that, upon due application, the surrogate "*must*" grant administration as follows: 1st, to one or more of the residuary legatees, and 2d, to one or more of the principal or specific legatees "who are qualified to act as administrators."

By section 33, title 2, chapter 6, part 2, Revised Statutes (3 *Banks* [7th ed.], 2291), it is declared that, "if any person who would otherwise be entitled to letters of administration with the will annexed, as residuary or specific legatee, shall be a minor, such letters shall be granted to his guardian, being in all respects competent, in preference to creditors or other persons."