NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1886.

## MATTER OF WILLIAMS.

*In the matter of the estate of* DAVID W. WILLIAMS,
*deceased.*

A domiciliary administrator of the estate of a decedent who died a resident
of another state, leaving personal property in New York, having ap-
plied here for ancillary letters,—

*Held,* that, in view of applications then pending, in behalf of relatives of
decedent, for original letters, the petition of the foreign representative
might be denied, in the discretion of the court.

An application by a relative of a decedent, who resides within this State,
for letters of administration upon the estate, must be denied if opposed
by a relative, residing without the State but within the United States,
who has a prior right under 2 R. S., 74, § 27, and is otherwise compe-
tent to act.

APPLICATIONS for letters of administration of dece-
dent's estate.

BUTLER, STILLMAN & HUBBARD, *for Lucy E. Williams.*

THOMAS JACKSON, *for F. L. Williams.*

· THE SURROGATE.—This decedent died in June last,
at Clarksville, in the State of Tennessee, leaving him
surviving no widow, child or father. There are assets
of his estate in this county, and applications for au-
thority to administer upon these assets have been
made in behalf of three persons, the decedent's mother,
Lucy E. Williams, his half brother, Fielding L. Wil-
liams (now temporary administrator), and one Polk G.

Johnson of Tennessee, who in July last was appointed principal administrator in that State, and who here seeks to obtain letters ancillary.

I do not agree with the counsel of Mr. Johnson that the Surrogate is bound by the requirements of § 2697 of the Code of Civil Procedure to grant the application of his client.   That section simply indicates the person or persons to whom ancillary letters *must* be issued, if they are issued at all.   But upon reference to section 2696 it clearly appears that the Surrogate may decline to grant letters ancillary in case of the pendency of an application made by a relative of the decedent for letters of administration.   Two such applications are now pending.   The petition of Polk G. Johnson is denied.

Lucy E. Williams, the mother of this decedent, has a claim to principal letters of administration superior to that of any other person.   Section 27, tit. 2, ch. 6, part 2, R. S. (3 Banks, 7th ed., 2290), declares that administration in case of intestacy shall be granted to the relatives of the decedent who would be entitled to succeed to his personal estate, if they or any of them will accept the same, in the following order: 1st, to his widow ; 2d, to his children ; 3d, to his father ; 4th, *to the mother* ; 5th, *to the brothers.*   It has been repeatedly held that the withholding of letters of administration from one who, if not for some cause incapacitated, would be entitled in priority under the statute, is never justifiable except in cases where his disqualification is declared by the statute itself (O'Brien v. Neubert, 3 *Dem.*, 156 ; Coope v. Lowerre, 1 *Barb. Ch.*, 45 ; Emerson v. Bowers, 14 *N. Y.*, 449).

It is claimed by counsel for Fielding L. Williams that this claim of priority cannot be successfully maintained in behalf of a non-resident. He relies upon § 2662 of the Code of Civil Procedure, which gives the Surrogate discretionary authority to appoint an administrator upon the application of a relative of the decedent, even without citation to nearer relatives who reside without the State.

It is doubtless true that, if in the case at bar the Surrogate had heretofore granted letters to Fielding L. Williams, without notice to Lucy E. Williams, and without opposition on her part, she could not now procure the revocation of such letters upon the ground of her superior title (Matter of Brewster, *ante*, 259). But that is not the present situation. The mother and brother of the decedent are simultaneously before the court as rival applicants. The former asserts her prior right to letters. As I cannot find upon the papers before me that she is incompetent, her petition must be granted. Letters may issue accordingly; and pursuant to request and written consent Polk G. Johnson may be joined with her in the administration.