NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—May, 1887.

## MATTER OF CUTTING.

*In the matter of the estate of* GERTRUDE CUTTING, *de-
ceased.*

One otherwise entitled to letters of administration will not be rejected
under 2 R. S., 75, § 32, on the ground of improvidence, unless it is
shown that he is so destitute of care and foresight in the management
of property that the estate and effects of the decedent would be likely
to be unsafe and liable to be lost and diminished, in case administra-
tion thereof were committed to him.

Coope v. Lowerre, 1 *Barb. Ch.*, 45—approved and followed.

APPLICATION for letters of administration with the
will of decedent annexed.

HAND, BONNEY, PELL & JONES, *for petitioner.*

ROOT & CADWALLADER, *for objectors.*

THE SURROGATE.—By virtue of § 2643 of the Code
of Civil Procedure, this petitioner is entitled to letters
of administration, *c. t. a.,* upon the estate of the tes-
tatrix unless within the meaning of that section he is
a person not " qualified to act."   To ascertain whether
he labors under any disqualification, reference must be
had to § 32, tit. 2, ch. 6, part 2, of the R. S. (3 Banks,
7th ed., 2291).

That section provides that " no letters of adminis-
tration shall be granted to any person who shall be
judged incompetent by the Surrogate to execute the
duties of such trust by *reason of improvidence.*"   It
specifies other grounds for the refusal of letters, but

no others which have any application to the case at bar. This section 32 was in operation at the time of the decision of Coope v. Lowerre (1 *Barb. Ch.*, 45), and has ever since remained upon the statute book.

In that case, it was held by Chancellor WALWORTH that the Surrogate had no discretionary power to refuse letters to an applicant preferentially entitled thereto under the statute fixing rights of priority, except from one of the causes specified in § 32, *supra.* The Chancellor also said : "The improvidence which the framers of the Revised Statutes had in contemplation as a ground of exclusion is that want of care or foresight in the management of property which would be likely to render the estate and effects of the decedent unsafe and liable to be lost or diminished, in case administration thereof should be committed to such improvident person."

The soundness of this decision seems never to have been questioned, and the case in which it was rendered has been often referred to with approval (Coggeshall v. Green, 9 *Hun,* 471; McMahon v. Harrison, 6 *N. Y.,* 448; Emerson v. Bowers, 14 *N. Y.,* 445). In view of the cases just cited and of the cases following, I cannot find that this petitioner is "improvident." The objections to his qualifying as administrator, *c. t. a.,* are therefore overruled (O'Brien v. Neubert, 3 *Dem.,* 156; Blanck v. Morrison, 4 *id.,* 297; McGregor v. McGregor, 1 *Keyes,* 133; Hayward v. Place, 4 *Dem.,* 487; affi'd in Supreme Ct. and in Ct. of Appeals).