---

(12 Misc. Rep. 472.)

### In re MANLEY'S ESTATE.

### (Surrogate's Court, Cattaraugus County. May, 1895.)

EXECUTORS AND ADMINISTRATORS—QUALIFICATION—IMPROVIDENCE AND DRUNKENESS.

"Drunkenness, improvidence, or want of understanding" do not disqualify a person to act as executor, within Code Civ. Proc. § 2661, unless they are such as amount to a lack of intelligence, or habitual drunkenness.

Application by W. J. Manley for letters of administration with the will annexed of Nathaniel Manley, deceased. Granted.

George Straight, for petitioner.
V. C. Reynolds, for contestant.

DAVIE, S. Nathaniel Manley died at the town of New Albion February 1, 1895, leaving a will dated July 10, 1882, which was admitted to probate April 10, 1895. The executor named in the will having renounced, W. J. Manley, a son of testator, made application for letters of administration with the will annexed. The testator left four children, viz. the petitioner, Emmett F. Manley, and Jennie Woodward, all residents of Cattaraugus county, and Martin H. Manley, residing in Nebraska, all of whom are residuary legatees; none of the other children seek to be appointed, but objections are filed on behalf of the son Emmett F., alleging that the petitioner, in consequence of drunkenness, dishonesty, and improvidence, is not qualified to act.

The statute determines the order of priority in cases of administration with the will annexed; those first entitled are "one or more of the residuary legatees who are qualified to act as administrators." Code Civ. Proc. § 2643, subd. 1. This order of priority is not affected by section 2693 of the Code of Civil Procedure, which

provides that where all the executors are incapable letters shall be issued as in case of intestacy. In re Place, 4 N. Y. St. Rep. 533; Id., 105 N. Y. 629. The petitioner, being a residuary legatee, and the only one applying, is legally entitled to appointment if qualified to act, and his rights cannot be defeated unless it is made to appear that he is disqualified to the extent contemplated by the statute, for letters of administration cum testamento annexo can only be denied to one otherwise entitled for cause constituting a statutory disqualification. Id., 4 N. Y. St. Rep. 533. The nature of such disqualification is defined in section 2661, Code of Civil Procedure, as amended by the Laws of 1893, as follows: "Letters of administration shall not be granted to a person convicted of an infamous crime * * * nor to any one who is adjudged incompetent by the surrogate to execute the duties of such trust by reason of drunkenness, improvidence or want of understanding." The courts, in construing this statute, have determined that not every degree and grade of the vices and defects mentioned disqualify. In Emerson v. Bowers, 14 N. Y. 449, the court of appeals says: "All departures in conduct from the principles of rectitude, including all abuses of trust, are unwise and inexpedient, and, therefore, in a certain sense, improvident, but they do not constitute the kind of improvidence which the legislature had in view in these enactments; a very careful, shrewd, and money-making person may be guilty of negligence or abuse in a fiduciary capacity, but such a person is not improvident in the sense of the statute. The words with which the term is associated, 'drunkenness,' 'want of understanding,' are of some importance in arriving at its true construction; the term evidently refers to habits of mind and conduct which become a part of the man, and render him generally and under all ordinary circumstances unfit for the trust or employment in question." See opinion, page 454, 14 N. Y., Emerson v. Bowers. In the case of Coope v. Lowerre, 1 Barb. Ch. 45, it appeared that the applicant had shortly before applied for a discharge under the insolvent act; that he was grossly negligent in the management of his property and affairs, and in contracting debts, and in indorsing for parties without responsibility; that he had had a verdict against him in an action for seduction; and other serious imputations were made against his moral character. But the chancellor, upon appeal from the decision of the surrogate appointing the applicant, held that no degree of moral guilt or delinquency would be sufficient to exclude him, unless he had been actually convicted of crime. This case is cited and approved in Emerson v. Bowers. It has been held that vicious conduct, improper and dishonest acquisitions of property, and even loose habits of business, did not constitute "improvidence" within the meaning of the statute; nor the fact that the petitioner was indebted to the estate. Coggshall v. Green, 9 Hun, 471. Improvidence and lack of understanding, in order to disqualify, must amount to a lack of intelligence. Shilton's Estate, 1 Tuck. 73. Habits of intemperance do not disqualify, unless they amount to habitual drunkenness in the legal sense of the term. Elmer v. Kechele, 1 Redf. Sur. 472.

In the case at bar, the evidence shows that the applicant is addicted to some extent to the use of intoxicating liquors; that upon two occasions during the past 10 or 12 years his conduct indicated intoxication.	It was also alleged that the applicant had upon one occasion been guilty of political dishonesty in having received money to aid in defeating the election of a candidate of the party to which he belonged, but this charge was not sustained by the evidence. On the contrary, a number of substantial business men from the locality where the applicant had resided and been engaged in business for many years testified quite distinctly to his integrity and business capacity.	The witness McCubbin testified that during the past few years he had transacted business with the applicant to the extent of $300,000; and, as he says, quoting from his evidence, "I have always found him a strictly honest man, and a man of intelligence; I have never discovered anything in his dealings with me but what was strictly honest."	Witness Carroll testified that he had been well acquainted with the applicant for many years, at one time a partner with him in business, and had had extensive business relations with him since 1885.	He says: "During that time I have never seen anything dishonest on his part; always found him square and honorable.	He has been president of the village of Cattaraugus, a member of the school board and supervisor of the town of New Albion within the past few years."	The testimony of several other witnesses, having ample opportunities to judge of the applicant's habits and business practices, is of the same import.	In view of this evidence and of the decisions cited, a determination that the applicant is disqualified under the statute would be entirely unsustained by authority.	A decree will accordingly be entered appointing the applicant administrator with the will annexed, and directing the issuing of letters to him upon his filing the proper bond.	Ordered accordingly.