ADMINISTRATION—LETTERS TO WIFE.
Letters of administration on the estate of an intestate husband will not be refused a surviving wife, primarily entitled to administer, because she has for some years been occasionally addicted to the use of intoxicating liquors, such use not being habitual and such as to render the applicant incompetent to perform her duties.

Application of George L. Reichert, son of Charles G. Reichert, deceased, for letters of administration, and counter application by Elizabeth Reichert, widow of deceased. Application of widow granted.

Patrick J. O'Beirne, for petitioner.
George C. Hendrickson (Thomas Young, of counsel), for widow.

PETTY, S. The deceased was a resident of this county, and left, him surviving, a widow and four children; two being adult sons, one an adult daughter, and one an infant daughter. Upon a petition filed by the son George, and concurred in by the remaining adult son and the adult daughter, a citation was issued to the widow, and upon the return day thereof she files a counter application that letters be issued to her. This, is opposed by the petitioner on the statutory ground of improvidence and habitual drunkenness. But little testimony was offered as to improvidence, and such testimony was sufficiently rebutted to dispose of this question. The issue in the case is that of drunkenness. Testimony was offered to show that she had been so addicted to the use of intoxicating liquors for a number of years as to disqualify her for such appointment. That considerable of such testimony is damaging cannot be denied. It appears that various witnesses had seen her intoxicated at different times, both in public and in private, and that she had admitted to them that she had the drinking habit. It even appears that she had at times visited saloons, both attended and unattended, for the purpose of obtaining liquor. The petitioner was allowed, for the purpose of showing the intoxication to be habitual, to go back a number of years, in some

instances going back as far as 1887, and witnesses have testified to many lapses from the path of sobriety during that period. It is to be remembered, however, that it is not intoxication which disbars one otherwise qualified from receiving letters of administration. The question is not whether an applicant has been addicted to the use of intoxicating liquors, nor even whether she is so addicted at the present time. It is a common thing for men of prominence and reliability to drink when they see fit. Nor do their actions in this regard prevent them from filling positions of trust and responsibility ably. It is only when their habits of drink are carried so far as to cloud the brain and weaken their respect for honesty and integrity that the courts are called upon to take cognizance of their use of liquor. Courts have always been lenient with those having the liquor habit. Thus a man may make a valid will, though an habitual drunkard, and though he be at the very time of its execution under the influence of drink, provided only that his brain be not so clouded as to prevent a knowledge by him of his act. Peck v. Cary, 27 N. Y. 9; Van Wyck v. Brasher, 81 N. Y. 260; In re Reed (Sur.) 20 N. Y. Supp. 91; In re Woolsey's Will, 17 Misc. Rep. 547, 41 N. Y. Supp. 263. Moreover, it is only for the statutory cause that a person entitled to letters may be excluded (In re Cutting, 5 Dem. Sur. 456; McMahon v. Harrison, 6 N. Y. 448; Emerson v. Bowers, 14 N. Y. 449), and that cause is not intoxication, but such intoxication as to render the applicant incompetent to execute the duties of the trust (Code Civ. Proc. § 2661). The intoxication must be habitual (In re Manley, 12 Misc. Rep. 472, 34 N. Y. Supp. 258), and it has even been held that to disqualify the applicant the facts must be such as would warrant a jury in finding habitual drunkenness. Elmer v. Kechele, 1 Redf. Sur. 472. The testimony will not warrant such finding in this case. The widow appears as a witness, and denies many of the statements of witnesses for the petitioner, and some of the statements of witnesses for the petitioner were explained on cross-examination. Moreover, a comparison of the various parts of the testimony shows this sigularity: that, the nearer we approach to the present time, the fewer the lapses become, until it can now be said beyond question that her use of liquor is not so habitual as to bar her from her statutory right. Occasional, or even frequent, instances of intoxication will not bar an applicant from letters of administration, unless it be clearly shown that as a result thereof the estate would be endangered. The danger must also be shown to be a present one. With past lapses, except in so far as they are evidence of present condition, we have no concern, and for future breaches those aggrieved thereby have ample remedy, for which this court is always open. The law looks only to the safety of the estate and the proper administration of the same, not to the moral or mental qualities of the administrator. With the former assured, the latter become immaterial. I therefore hold that sufficient cause has not been shown to warrant a denial of the application of the widow, and same must be granted upon filing the proper security. Applications for costs herein to me made on eight days' notice. Decree to thereafter enter.

Application of widow granted.