(89 Misc. Rep. 41)

## In re BRINCKMANN'S ESTATE.

(Surrogate's Court, Bronx County.  January, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬥⟿17—LETTERS OF ADMINISTRATION—WHO ENTITLED—DISCRETION.

   The surrogate, on proper application, has no discretion but to grant letters of administration on the goods, chattels, and credits of a decedent, to the persons entitled thereto, who are competent and willing to serve, in the order provided by Code Civ. Proc. § 2588.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. ⬥⟿17.]

2. EXECUTORS AND ADMINISTRATORS ⬥⟿18 — LETTERS OF ADMINISTRATION — WHO ENTITLED—"IMPROVIDENCE."

   That a petitioner for letters of administration on the estate of his brother owed money to the estate, and had lost money in real estate investments, did not show that he was incompetent by reason of improvidence, within Code Civ. Proc. § 2564, subd. 5, providing that no person shall serve as administrator who is incompetent by reason of improvidence; the term "improvidence" meaning something more than that charged against petitioner, and referring to habits of mind and conduct which become part of the man and render him generally and under all circumstances unfit for the trust.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 60–77; Dec. Dig. ⬥⟿18.

   For other definitions, see Words and Phrases, First and Second Series, Improvidence.]

Application for letters of administration on the goods, etc., of August Brinckmann, deceased.  Application granted.

Harold C. Knoeppel, of New York City, for petitioner.
W. Stebbins Smith, of New York City, for respondent.

SCHULZ, S.  This is an application for letters of administration upon the goods, etc., of the decedent, made by the latter's brother.  The decedent left him surviving, as only heirs at law and next of kin, the petitioner and a sister.  The sister having indicated that she desired notice of any application for letters, the surrogate, exercising the discretion vested in him (Code Civ. Proc. § 2590), directed the issuance of a citation to her upon this application; and the sister, upon the return of the citation, filed objections to the petitioner's appointment, upon the ground that the petitioner is improvident.

The allegations of fact in the objections apparently made on knowledge, and upon which the surrogate would have to base a finding of incompetency to justify a denial of the application are: That the petitioner borrowed large sums of money from the decedent, and secured the same by second mortgages, and that the liens of the said second mortgages upon the real estate therein described were thereafter destroyed by the foreclosure of first mortgages on the property.  This fact is not denied by the petitioner.  Another allegation is that the petitioner has not been in business, except in a small stationery business, and this the petitioner denies.  The remaining allegations are

to the effect that the petitioner has judgments against him, and ob-
tained a loan of $100 from the decedent. The petitioner admits the
loan, and that he had judgments against him, but alleges that there are
none unpaid, except those arising through the foreclosure of the mort-
gages on his real estate, and which are deficiency judgments. It would
appear that the personal estate of the decedent amounts to about
$15,000, and that his real estate consists of one parcel, of the assessed
value of $53,000, not incumbered. The petitioner and the respondent
are entitled to this property, share and share alike.

[1] Both the petitioner and the respondent are advanced in years,
and it is to be regretted that a misunderstanding should exist between
them. The surrogate suggested as a compromise that, on consent, let-
ters might be issued to both; but no agreement to that effect could
be brought about, and the petitioner now insists upon his appointment
as a matter of right, and his counsel withdraws the consent which he
intimates he was willing to give to the appointment of both parties.
The surrogate has absolutely no discretion in the matter, assuming that
the petitioner is competent to act. Coope v. Lowerre, 1 Barb. Ch. 45;
Matter of Campbell, 192 N. Y. 312, 316, 319, 85 N. E. 392, 18 L. R.
A. (N. S.) 606. The right to letters of administration is statutory, and
the surrogate derives his right to appoint from the statute, and that
only. His own personal preferences, if he have any, should play no
part in the matter. Section 2588 of the Code of Civil Procedure pro-
vides that:

"Administration in case of intestacy must be granted to the persons entitled
to take or share in the personal property, who are competent and will accept
the same, in the following order: * * * (6) To the brothers. (7) To the
sisters."

It will be noted that this section uses the words "must be granted."
The brother by his petition indicates his willingness to accept the let-
ters, and insists upon his right to them, and hence the letters must be
issued to him, because in the order of priority brothers precede sisters,
unless the surrogate can find that, under the facts alleged, some power
is conferred by statute authorizing him to refuse the same to the peti-
tioner and to grant the same to the respondent.

[2] Section 2564 of the Code of Civil Procedure provides that no
person is competent to serve as an administrator who is:

"(5) Incompetent to execute the duties of such trust by reason of * * *
improvidence. * * *"

It follows that before the surrogate may refuse to issue these let-
ters to the petitioner he must find from the objections in the matter,
assuming that the allegations of fact therein contained are all true, suf-
ficient to base a finding that this petitioner is improvident. The court
should hesitate before denying to a petitioner that which is his ab-
solute right, upon the ground that he is incompetent by reason of im-
providence. Improvidence means something more than that which is
charged against this petitioner.

An examination of the cases in which the matter of improvidence
was under consideration I think clearly shows this. In Emerson v.
Bowers, 14 N. Y. 449, 454, the court says:

"The words with which the term [improvidence] is associated, 'drunkenness,' 'want of understanding,' are of some importance in arriving at its true construction. The term [improvidence] evidently refers to habits of mind and conduct which become a part of the man, and render him generally, and under all ordinary circumstances, unfit for the trust or employment in question."

In Coope v. Lowerre, supra, the court in considering the matter uses the following language (1 Barb. Ch. 47):

"The improvidence which the framers of the Revised Statutes had in contemplation, as a ground of exclusion, is that want of care or foresight in the management of property which would be likely to render the estate and effects of the intestate unsafe, and liable to be lost or diminished in value by improvidence, in case administration thereof should be committed to such improvident person."

In Matter of Manley, 12 Misc. Rep. 472, 34 N. Y. Supp. 258, the court, citing Matter of Shilton's Estate, 1 Tuck. 73, says:

"Improvidence and lack of understanding, in order to disqualify, must amount to a lack of intelligence."

The fact that the petitioner lost his real estate, of itself, does not appeal to me as proof of improvidence, and the fact that he borrowed money from his brother also fails to convince me that I would be justified in concluding that he is improvident. I think that all of the matters with which he is charged may have been the result of misfortune, instead of being caused by improvidence, as defined by the cases from which quotations appear above. Nor am I of the opinion that indebtedness to the decedent at the time of his death, especially under the circumstances of this matter, is of itself any evidence of improvidence.

The respondent in his brief refers to Matter of Ferguson, 41 Misc. Rep. 465, 84 N. Y. Supp. 1102; but in my opinion Matter of Ferguson is not controlling on this application. In that matter application was made for the issuance of letters of administration with the will annexed by a person whose share in the residue of the estate was directed by the will to be kept in trust for him during the residue of his life, and the court, after holding that such a person is not entitled to a preference in the administration of an estate with the will annexed as being a residuary legatee, further held that, even if he was so entitled, he was not a proper person to receive the same on the ground that he was improvident. It appeared, however, in that matter, that the petitioner had not made a success of his business life; that he had been engaged in various occupations, and for a part of the time had been acting as clerk at a moderate salary; that he had been unable to support his family; that the support of his children had been largely due to the assistance of relatives; that he had been almost continually borrowing money in small amounts from his brother; and that the testatrix in her will showed that she did not regard him as a person of sufficient ability to take charge of his own property, and consequently left it in trust for him, and had not named him as an executor of her will, but had named his brother as such executor, to which latter facts the learned

surrogate referred at some length in his opinion and to which he no doubt gave considerable weight in deciding that the petitioner was incompetent by reason of improvidence. I think it is clear, from the language of the opinion itself, that the court did not intend to lay down any definite rule with regard to this incompetency, and that his opinion was based on the particular facts of the matter then receiving his consideration, for he says, referring to the definition of improvidence in Coope v. Lowerre, supra:

"With this legal definition of the meaning of this word, the matter is therefore left to the sound discretion of the surrogate in the peculiar and special facts of each particular case."

Assuming that all of the allegations of fact set up in the objections of the respondent are true, I do not feel justified in finding that the petitioner is incompetent in law to serve as an administrator.

The objections are therefore dismissed, and the prayer of the petitioner granted. No costs are imposed. The bond of the administrator will be fixed at $15,000, with leave to the respondent to apply for an increase in the amount of the said bond within five days after the service of a copy of the decree herein.

Application granted.