In the Matter of the Estate of JOHN JOSEPH MURPHY, Deceased.

Surrogate's Court, Kings County, May 8, 1931.

*McCabe & Hickey,* for the petitioner.

*Thomas J. Snee,* for the public administrator.

WINGATE, S. Anna E. McGlynn has petitioned this court for the issuance to her of letters of administration upon the estate of this decedent on the theory that she, her brothers and sisters

are his sole next of kin. The relationship disclosed is that of stepchildren and her claim is based on subdivision 6 of section 118 of the Surrogate's Court Act, in conjunction with subdivision 15 of section 83 of the Decedent Estate Law, which went into effect on September 1, 1930.

This latter subdivision provides that where a decedent left no surviving spouse or blood relatives " the whole shall descend and be distributed equally to the next-of-kin of the husband or wife of the deceased."

Assuming, but not deciding, that the petitioner would be entitled to letters upon a reasonable demonstration that such condition existed, namely, that the decedent left no blood relatives possessing a superior right by reason of the provisions of the previous sub-divisions of section 83, the court is of the opinion that the petition herein is insufficient demonstration to warrant the granting of the relief prayed for under the very unusual conditions alleged to exist.

Applications based upon the allegation of similar statements of fact have become increasingly prevalent since the new law has gone into effect. Within the past few weeks three similar petitions have been presented. In each of them the court has required something further than the formal allegations customary in a petition presenting more probable states of fact, and in each of these instances it has been demonstrated that the decedent left blood relatives of more or less remote degree who were entitled to preference.

It is not open to question that if in the instant proceeding no spouse or blood relatives exist, that then the children of a deceased spouse are entitled to distribution. The absence of such blood relatives is not impossible. It is, however, extremely improbable.

Subdivision 3 of section 51 of the Surrogate's Court Act, relating to the contents of a petition, requires the statement of the names and post office addresses of all persons interested in the proceeding " so far as they can be ascertained with due diligence."

The allegation in the petition at bar states merely the names of the alleged next of kin " as far as they are known to your petitioner or can be ascertained by her with due diligence," thus following the exact wording of the statute. It is obvious, however, that the question of whether due diligence in ascertainment has been exercised is a question of fact which cannot be affirmatively deter-mined, particularly under such unusual circumstances by the bare conclusion asserted.

The supplementary unsworn statement is further deficient for the purpose of demonstrating that due diligence has actually been exercised.

In the absence of this showing, the court must determine that petitioner has failed to comply with the prerequisites to the granting of her petition, and it is, therefore, denied without prejudice to a renewal upon demonstration of adequate effort to ascertain the existence and identity of blood relatives of the deceased.

Enter order on notice accordingly.