In the Matter of the Estate of JOHN W. GANT, Deceased.

Surrogate's Court, Kings County, January 15, 1932.

*Szerlip & Szerlip,* for the administrator.

*McCarthy & Brown,* for the petitioner.

WINGATE, S. An interesting question of construction relating to the interpretation of the new Decedent Estate Law (Laws of 1929, chap. 229), which went into effect on September 1, 1930, is raised by the present proceeding for revocation of the letters of administration heretofore issued by this court in this estate. The application is on the claim that their issuance was the result of a false allegation of material fact.

The intestate died on November 26, 1931. On December fourth the present administrator petitioned for the issuance of letters to him in his capacity of a creditor of the deceased. Administration was granted to him on December eleventh without the

issuance of any citation upon the written consent of the public administrator and the Attorney-General. The petition read in part as follows: " That the names and post-office addresses of the husband or widow, and the next of kin of the decedent and their relationship, as far as they are known to your petitioner or can be ascertained by him with due diligence, are as follows:

" Left no heirs-at-law or next of kin.

" Name Relationship Address.

" Left no heirs-at-law or next of kin."

The present petition for revocation is made by one Julia Jacobs and states that she, Elizabeth Dougherty and Mary Leonard are sisters of the decedent's wife who predeceased the decedent, and his lawful next of kin. Both on the hearing and in an affidavit submitted thereafter the administrator admitted that at the time of his petition he knew of the existence of these individuals and of the facts respecting their connection with the decedent. He stated, however, that on advice of counsel he was of the belief that whereas they were entitled to distributive shares in the estate of the decedent, they were not persons entitled to administration in preference to himself within the description of section 118 of the Surrogate's Court Act. No contention is made by him adverse to the present petitioner's position that the allegations of his petition for issuance of letters of administration to him were intended to and actually did convey the impression to the court that, aside from the public administrator, who had waived, no one was entitled to administration in preference to himself.

The present application is made pursuant to the provisions of section 99 of the Surrogate's Court Act which, so far as presently material, reads: " In either of the following cases, a * * * person interested in the estate of a decedent, * * * may present * * * a petition, praying for a decree revoking those letters * * *:

" 4. Where the grant of his letters, or his appointment was obtained by a false suggestion of a material fact."

On the facts admitted for the purpose of this determination, it is apparent that the petitioner is " a person interested in the estate," by reason of the enactment contained in subdivision 15 of section 83 of the Decedent Estate Law (as amd. by Laws of 1930, chap. 174), which reads in part as follows: " The real property of a deceased person, male or female, not devised, shall descend, and the surplus of his or her personal property, after payment of debts and legacies, and if not bequeathed, shall be distributed to the surviving spouse, children, or next of kin or other persons, in manner following:

" 15. If there be no husband or wife surviving and no children, and no representatives of a child, and no other distributees, and no child or children of the husband or wife of the deceased, then the whole shall descend and be distributed equally to the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in article seven hereof."

The effect of the position of the administrator is that whereas the petitioner is interested in the estate, such interest is confined to a right to a distributive share and does not include a right to administer, and that, consequently, whereas the quoted allegation of his petition may, strictly speaking, be considered a false suggestion, it was not a false suggestion of fact material to the proceeding for the granting of letters.

This contention transfers the determination of the present application to a consideration and construction of the provisions of section 118 of the Surrogate's Court Act, which regulates priority in the grant of administration, since it has frequently been determined that administration is strictly regulated by the statute and no discretion in respect thereto is reposed in the surrogate.

In this connection the Court of Appeals in the leading case of *Matter of Campbell* (192 N. Y. 312) said (at p. 315): " The right to administer upon the estate of an intestate has in this state always been conferred by statute upon persons interested in the estate. Priority of right is based primarily upon nearness of relationship and extent of interest. Such statutes are in accordance with natural justice and they are also based upon the assumption that ties of marriage and consanguinity and the effect of personal interest will lead the persons enumerated in the statute in the order named to exercise care and attention in the management of the estate."

Again (at p. 319): " We think that as the right to administer upon the estate of an intestate is a vested right, that it was never intended that surrogates should be given the power in their discretion to wholly cut off such right without notice to or acquiescence by the person so entitled to administer the estate." (See, also, *Matter of Brinckmann*, 89 Misc. 41, 43; *Matter of Wolff*, 161 App. Div. 255; *Matter of Kassam*, 141 Misc. 366, 378.)

Section 118 of the Surrogate's Court Act, which is the charter of the rights of any person to administration, in so far as here material, reads: " Who entitled to letters of administration. Administration in case of intestacy must be granted to the persons entitled to take or share in the personal property, who are competent and will accept the same, in the following order: * * *

" 6. To any other next of kin entitled to share in the distribution of the estate, preference being given to the person entitled to take the largest share in the estate  *  *  *.

" If no person entitled to take or share in the estate will accept the same or an appointment is not made by consent as hereinafter provided, then administration shall be granted as follows:

" a. To the public administrator. .

" b. To the county treasurer of the county, or to the petitioner, in the discretion of the surrogate.

" c. To any other person or persons."

It is apparent that the rights of the present administrator, if any, can fall only in a class subsequent to that of the public administrator, and this was tacitly admitted by his presentation of a waiver by that official as a part of his petition for the grant of letters to him. The present petitioner, however, claims to be included within the description of subdivision 6.

The question is, therefore, squarely presented as to whether, there being no surviving spouse, children, grandchildren, father or mother, or brothers or sisters of an intestate decedent, the relatives of a predeceased spouse come within the description of the statute of " any other next of kin entitled to share in the distribution of the estate," in subdivision 6 of section 118 quoted above.

Prior to September 1, 1930, the definition of the term " next of kin," as used in the Surrogate's Court Act, was included in subdivision 12 of section 314 of the act itself. As then existing, this subdivision read: " The term, ' next of kin,' includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed residue of the assets of a decedent after payment of debts and expenses, other than a surviving husband or wife."

It must be apparent that were this definition still legally controlling, it would describe the situation of this petitioner and make her properly classifiable under subdivision 6 of section 118 and, therefore, entitled to letters of administration in preference to this respondent. By section 10 of chapter 229 of the Laws of 1929, however, this definition was repealed and in its place the following was inserted: " The term ' distributees ' includes all those entitled to share in the descent and distribution of an intestate's estate under article three of the decedent estate law."

Since the term " next of kin " was continued in the wording of section 118, this substituted definition obviously casts no light upon its meaning. It will, however, be apparent to any one who

has made even a superficial study of the changes effected by the new Decedent Estate Law that one of its chief purposes was to abolish existing distinctions in the devolution of real and personal property, and the consequent differences between the distributive rights of next of kin in personal property, and heirs at law in realty. To contribute to a clarity of conception respecting the new method of devolution, the word " distributee " was substituted in many places in the pertinent laws for the relationships previously termed " heirs at law " and " next of kin." The obvious scope and intention of the basic changes in the law make it apparent, therefore, that in any earlier enactments in which either the phrases " heirs at law " or " next of kin " were used, the word " distributee " should be substituted. This patent fact, however, was not left open to any possible conjecture by the Legislature, since it expressly enacted in section 81 of the Decedent Estate Law (added by Laws of 1929, chap. 229, as amd. by Laws of 1930, chap. 174), which took effect simultaneously with the new definition in subdivision 12 of section 314 of the Surrogate's Court Act, that " Whenever in *any* statute the words heirs, heirs at law, next of kin, or distributees, are used, such words shall be construed to mean and include the persons entitled to take as provided by this article." (Italics not in original.)

Since the Legislature has enjoined the employment of this meaning in " *any* statute," it is obvious that it must be adopted in a construction of the Surrogate's Court Act.

Applying it to subdivision 6 of section 118 gives, in effect, the following, as the wording of that clause: " To any other person entitled to take a share in the distribution of the estate as provided in article 3 of the Decedent Estate Law, preference being given to the person entitled to take the largest share in the estate."

This interpretation is not only obvious on a comprehensive study of the purpose of the new enactments (*Matter of Kassam*, 141 Misc. 366, 375, 376), and the policy of the law regarding the persons to whom intestate administration is to be granted (*Matter of Campbell, supra*), but is consonant with the results attained, in respect to the similar, earlier provisions of subdivision 16 of the former section 98 of the Decedent Estate Law * (*Matter of Watson*, 97 Misc. 538; affd., 175 App. Div. 956; *Matter of Ziesenitz*, 128 Misc. 100), and of subdivision 15-a † thereof. (*Matter of Neukirchen*, 186 N. Y. Supp. 240, not officially reported.)

" It is immaterial, in an application of this kind, whether the original statement * * * in the petition of the person appointed

---

* Amd. by Laws of 1913, chap. 489.— [REP.

† Added by Laws of 1913, chap. 489.— [REP.

administrator is made in good faith, or whether the erroneous statements alleged in the petition were innocently made. (*Kerr* v. *Kerr*, 41 N. Y. 272, 276.) In the present estate the administrator undoubtedly acted in good faith and with the best of motives. * * * But the administrator is not a next of kin and is not entitled to retain his right to administration as against those who are lawful distributees of the estate." (FOLEY, S., in *Matter of Gaffney*, 141 Misc. 453, at p. 455.)

It inevitably follows, therefore, that not only the present petitioner, but others as well, were entitled to administration in preference to the present incumbent. Wherefore, his false suggestion in the petition upon which his letters were granted, that no heir at law or next of kin existed, was of a most material fact. It results that the letters heretofore issued to him must be revoked. (*Kerr* v. *Kerr*, 41 N. Y. 272, 277; *Matter of Eckel*, 177 App. Div. 272, 276; *Matter of Kutter*, 79 Misc. 74, 77; *Matter of Wright*, 110 id. 480, 481.)

Even a casual reading of the decision of this court in *Matter of Murphy* (141 Misc. 272), which is relied upon by the respondent, must demonstrate that it is in no way applicable to the present proceeding. That was an application for the grant of letters of administration to persons described in subdivision 15 of section 83 of the Decedent Estate Law on the bare statutory allegation that no nearer next of kin existed. The only holding of the court was that such statement, in the exact words of the statute, was, in view of its improbability, insufficient to satisfy the judicial conscience of the fact alleged. The question in the case at bar is entirely different. Here it is admitted that distributees of the decedent exist, and this admission of itself ousts the present administrator of any right to administration, unless such persons possessing a prior right are unwilling to act. No application is presently made for letters of administration d. b. n. A new proceeding for that purpose will have to be brought by one of the distributees, and citation issued to all necessary parties as required by the Surrogate's Court Act, unless their waivers and renunciations can be obtained. Such new petition, if no relative of the decedent, as distinguished from a relative of his wife, is the petitioner therein, must comply with the requirements laid down in *Matter of Murphy* (*supra*).

The decree revoking letters should direct that a compulsory account be filed by the retiring administrator within thirty days and that a voluntary proceeding for its judicial settlement be initiated within that period.

Submit decree on notice accordingly.