## In the Matter of the Estate of KATIE STEGE, Deceased.

Surrogate's Court, Sullivan County, August 14, 1937.

*Rice & Maguire [Charles T. Rice* and *Daniel O'Sullivan* of counsel] and *Cohen & Bogner [Samuel J. Cohen* of counsel], for Catherine Hayward and others.

*John D. Lyons [Nellie Childs Smith* of counsel], for Robert H. Quackenbos.

COOKE, S. Catherine Hayward is a niece of decedent and Robert H. Quackenbos is a grandnephew. Those who are entitled to seventeen-eighteenths of the estate at the time of Mrs. Stege's death have requested the appointment of Mrs. Hayward.

Under section 118 of the Surrogate's Court Act Mrs. Hayward is entitled to this appointment unless she is incompetent to receive such letters under section 94 of the Surrogate's Court Act. (See *Matter of Brinckmann,* 89 Misc. 41; *Matter of Eggsware,* 123 id. 548; *Matter of Conde,* 144 id. 357.)

Section 94, in part, says:

" Persons incompetent to receive letters, or act as testamentary trustee. No person is competent to serve as an executor, administrator, testamentary trustee or guardian, who is:

" 1. Under the age of twenty-one years;

" 2. An adjudged incompetent;

" 3. An alien not an inhabitant of this State;

" 4. A felon;

" 5. Incompetent to execute the duties of such trust by reason of drunkenness, dishonesty, improvidence or want of understanding."

It is stated in *Matter of Leland* (219 N. Y. 387, 393): "But the testator still enjoys the right to determine who is most suitable among those legally qualified to settle his affairs and execute his will, and his solemn selection is not lightly to be disregarded. Appointment is not to be refused merely because the testator's selection does not seem suitable to the judge. Old age or bodily infirmities, lack of business experience and capacity, or ignorance of the law, do not disqualify; but the words of section 2564 are more than a mere restatement of the common-law disability of imbeciles and lunatics. The test of incompetency should be applied with caution to cases where inability intelligently to discharge the duties of the trust arises from bodily disease resulting in permanent impairment of mental and physical ability. (*Thayer* v. *Homer*, 11 Metc. 104, 110; *McGregor* v. *McGregor*, 1 Keyes, 133.) "

As to improvidence and want of understanding, in 2 Heaton on Surrogates' Courts (5th ed. pp. 119, 120) we find:

" In order to disqualify a person under the statute, the improvidence or want of understanding must amount to a lack of intelligence. Just what is meant by the term ' improvidence ' as used in the statute, that is, its legal interpretation, has received considerable attention at the hands of the courts.

" The word ' improvidence ' refers to habits of mind and conduct which become a part of the man, and render him generally and under all ordinary circumstances unfit for the trust or employment in question. *Matter of Flood*, 236 N. Y. 408.

" Speaking upon this subject in the case of *Coggshall* v. *Green* (9 Hun, 471), the court says: ' Moral guilt or delinquency is not a ground for excluding a person from receiving letters, unless he has been convicted of an infamous crime. Improvidence such as to exclude a party from administration is a want of ordinary care and forecast in the acquisition and preservation of property. And it has been held that vicious conduct, improper and dishonest acquisition of property, and even loose habits of business, did not constitute, " improvidence " within the meaning of the statute, nor the fact that the petitioner was indebted to the estate.'

" In *Coope* v. *Lowerre* (1 Barb. Ch. 45) the chancellor said: ' The fact that a man is dishonest, and seeks to obtain the possession of the property of others by theft, robbery, or fraud, is not evidence of improvidence.' See *Matter of Greene*, 48 Misc. 31; 96 N. Y. Supp. 98.

" The objection was raised among others to the applicant that he was ' improvident,' and it was shown that the applicant had not

been able to accumulate any property or support his children and was living beyond his means and borrowing — *held* that he should not have letters. *Matter of Ferguson*, 41 Misc. 465; 84 N. Y. Supp. 1102.

" The fact that a man is a professional gambler is such presumptive evidence of improvidence as to render him incompetent to discharge the duties of executor or administrator. *McMahon* v. *Harrison*, 6 N. Y. 443.

" A conviction in another State of the crime of larceny is not conclusive evidence of improvidence. *O'Brien* v. *Neubert*, 3 Dem. 156.

" Want of understanding. Old age and physical infirmity do not render a person incompetent ' by reason of want of understanding.' *Matter of Berrien*, 3 Dem. 263; *Matter of Leland*, 219 N. Y. 387."

It appears that Mrs. Hayward is not very strong physically, but this does not render her incompetent under the statute. She seems to have a normal mind and ordinary intelligence. She will be obliged to give a bond sufficient to protect the interests of the creditors, if any, and the distributees.

Mr. Quackenbos has recommended the National Union Bank. There is no objection to the bank except, under the law, Mrs. Hayward has a prior right to the letters of administration. All the other distributees, excepting Mr. Quackenbos, have asked for her appointment. A request from those representing seventeen-eighteenths of the estate, besides her statutory right, cannot be lightly disregarded.

Under section 118 of the Surrogate's Court Act a competent person not entitled may be appointed upon the consent of all persons entitled to take or share in the estate whether within or without the State.

Before her statutory right and the request of all distributees, but one, can be destroyed there must be proof which would warrant and justify, under the facts of this case, that she is incompetent to execute the duties of this trust by reason of improvidence or want of understanding.

While it may be said there is some slight evidence bearing upon the proving of such facts, it does not warrant the deduction that either improvidence or want of understanding has been proven by a fair preponderance in the weight of the testimony.

He who has alleged improvidence and want of understanding upon the part of Mrs. Hayward has the burden upon him to prove either of those propositions by a fair preponderance of the evidence.

Preponderate means to outweigh, to overbalance. It seems under the proof neither of these facts has been so established. She has been poor and not very well. These are not disqualifications. It may be argued that she is not accustomed to handle estates of this size. That would apply to most people, and is not a legal objection. Nearly any individual acting as administrator herein would have to have competent assistance. Lack of business experience does not disqualify. (See *Matter of Leland, supra.*)

Taking into consideration all the facts herein and the requests of the distributees, excepting one, it does not seem that letters of administration should be denied to Catherine Hayward.

Order may be entered herein granting such letters to her upon her filing the bond required by law. Order to be agreed upon or settled on two days' notice.