## CASEY *vs.* GARDINER.

*In the matter of the estate of* GEORGE A. GARDINER, *deceased.*

A RENUNCIATION may be retracted by executors at any time before the grant of administration. This is rather a matter of right, than a privilege within the discretion of the Surrogate. Renunciation of the right to administer is governed by the same rule.

When at an early stage of the cause, the public administrator had renounced his priority in behalf of a creditor contesting the administration with the next of kin, and he subsequently withdrew the renunciation and claimed letters, *held,* that it was not in the discretion of the court to refuse permission.

P. B. SWEENEY, *Public Administrator, in person.*

JOHN McKEON,
A. L. ROBERTSON, *for Creditor.*

THE SURROGATE.—The Treasurer of the United States applied for letters of administration of the estate of the intestate, on the ground that at the time of his decease he was largely indebted to the government, and the entire amount of assets in this jurisdiction had been derived through a fraudulent claim against the United States under a treaty with Mexico. The next of kin were cited, but failed to give

the requisite security. The public administrator, at an early stage of the case, renounced his right to the administration, but he now intervenes and asks to withdraw his renunciation. In respect to executors, a retractation of renunciation is not an unusual proceeding, and according to the custom of the ecclesiastical courts, the renunciation may be withdrawn at any time before the grant of administration. (*Williams on Executors*, 232). I do not observe that this is a privilege, but on the contrary it seems to be, in the language of one of the old decisions, "rather a matter of right than discretionary." Notwithstanding opposition be made, still if the retractation be interposed "before the grant, the court must allow the retractation," although under particular circumstances the costs of the contestation may be paid out of the estate. (*M'Donnell* vs. *Prendergrast*, 3 *Hagg.*, 212). Renunciation of the right to administer is entirely analagous, and may well be guided by the same rule. There is an anonymous case referred to in *Harrison* vs. *Harrison*, 4 *Thornton's Notes of Cases*, 457, which at the first blush might seem to enunciate a different rule in respect to administration. It was cited by the court for the purpose of showing that where administration has passed the seal after renunciation, it is not a matter of course to allow the renunciation to be retracted, but such permission may, in the discretion of the court, be refused. The first administration had been improperly granted to a creditor, and was therefore revoked, but the other circumstances do not appear, and there may have been special grounds for denying permission to retract. Even in that case, however, there had been a grant after renunciation, and so it was brought within the general rule, that after letters issued it is not a matter of course to permit retractation—the precise converse of which is the practice before letters issued. Entertaining this view, there is no occasion to examine into the peculiar circumstances set up by the public administrator as a reason for changing his intention. He has the right to retract without giving any excuse, before the grant has passed under seal, and he must accordingly be permitted to do so in this case.