commissioners proceeded to assess the damages. From their award, and from an order confirming the same, the village of Tarrytown now appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

J. S. Millard, for appellant. L. T. Hale, for respondent.

PRATT, J. This is an appeal from an award for damages allowed the plaintiff by reason of a change of grade in a street fronting upon the plaintiff's land. No questions of irregularity in the appointment or in the proceedings of the commissioners are raised. The principal question is whether or not the damages are excessive. With this subject courts cannot interfere, unless the commissioners infringe some rule of law in the course of their proceedings, or fix the damages at an amount so grossly excessive as to indicate passion, prejudice, or fraud.

The counsel for the defendant very ingeniously contends that this case does not fall within the statute allowing damages for a change of grade, for the reason that a grade had never been officially fixed for John street, and hence could not be changed. We think, however, that this argument is too fine for practical use. There are many streets in all cities where the grade has never been established by resolution, but has become established by long user. The natural grade may suit well enough for years, but finally the authorities may see fit to change it. Now, can it well be said that the statute was not intended to apply to such cases? The statute is one giving a remedy, and it ought to be liberally construed. People v. Lacombe, 99 N. Y. 49, 1 N. E. Rep. 599. It was the intention of the legislature to afford damages to persons who were injured by changing the grade in front of their premises, and the law does not restrict the damages to streets the grade of which had been previously established by resolution, and no good reason seems apparent why there should be any such restriction. A party might be damaged just as seriously, so that the reason of the passage of such a law might apply as strongly, as in the case of altering a grade in a street which had been previously fixed by resolution of the authorities.

We also think this question should have been raised when the motion was made for the appointment of commissioners, and that the decision of that motion concludes the defendant upon this proceeding.

Neither do we think that a giving of the deed by the petitioner cuts off her remedy for damages, under the statute. The deed only carried right to use the land in the street, and the changing the grade was an entirely distinct matter. The damages are for injury to petitioner's adjoining land, and arose some time after the deed was given.

---

*In re* LASAK'S ESTATE.

*In re* MCKENZIE.

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

ADMINISTRATORS CUM TESTAMENTO ANNEXO—APPOINTMENT.

    Code Civil Proc. N. Y. § 2643, provides that where the executor renounces, letters of administration *c. t. a.* shall be issued (1) to one or more residuary legatees; (2) to a principal or specific legatee; (3) to husband or wife; (4) to a creditor; (5) to any proper person designated by the surrogate. 4 Rev. St. N. Y. (8th Ed.) p. 2553, § 33, provides that if any person who would otherwise be entitled to letters of administration *c. t. a.* shall be a minor, such letters shall be granted to his guardian, in preference to creditors and other persons. *Held,* that where a residuary legatee is a minor the surrogate may grant letters of administration *c. t. a.* to his guardian, in preference to others entitled thereto.

    Appeal from surrogate's court, Westchester county.

Petition by Mrs. Victoria A. McKenzie, one of the residuary legatees named in the will of Francis W. Lasak, deceased, for the appointment of the New York Life Insurance & Trust Company as administrator with the will an-

nexed, the executor named in the will having renounced. Code Civil Proc. N. Y. § 2643, fixes the order of appointment of administrator *c. t. a.* on the renunciation of the executor. Rev. St. N. Y. (8th Ed.) p. 2553, § 33, authorizes the appointment of the guardian of a minor residuary legatee, in preference to creditors or other persons. The petition was granted, and the following opinion was rendered:

"COFFIN, S.　The statute, (section 2643,) as amended in 1881, provides that letters of administration shall be issued—*First,* to one or more residuary legatees who are qualified; *second,* to a principal or specific legatee; *third,* to husband or wife, next of kin, or heirs; *fourth,* to a creditor; *fifth,* to any proper person designated by the surrogate to act as administrator. Where one of several, equally entitled, petitions for the appointment of himself, by the provisions of section 2644, no citation is necessary. It is only where there is some person or persons having a prior right to the petitioner that a citation must issue to him or them. The petitioner, in this instance, did not pray for the appointment of herself as administratrix, but asked that the New York Life Insurance & Trust Company should be appointed. Thus, if the company is, for this purpose, to be regarded as a 'person,'—and I take it for granted that, under the powers conferred upon it by the legislature to act as guardian, administrator, etc., it is so to be regarded,—then this application is to be considered as coming under the fifth subdivision of that section. Hence it was proper to cite all those who had a prior right, to show cause why this 'proper person,' who was then not embraced in either of the prior subdivisions, should not be appointed. If, therefore, it had appeared at the hearing that others, who had a prior right to the appointment, were ready and willing to qualify themselves for the position, one or more of them would have been appointed. But, as the fact was made to appear by the petition that the executor had duly renounced, and it was alleged that the company, since the presentation of the petition, had been duly appointed the guardian of the minor, Clarence McKenzie, who is one of the residuary legatees, the aspect of the case was changed. The evidence of the appointment was not presented; but the assurance of the learned counsel for the company that it had been made, and that he would present the certificate thereof, was deemed sufficient to warrant the court to await the filing of such certificate, and then to determine whether it would grant the letters to it on filing such papers, if any, as might be needful. The object of the statute in conferring a preference on the residuary legatees, in such a case, seems to be to place the administration in the hands of those whose interest is to see that the estate is administered honestly, and without undue and careless waste. It was objected by distinguished counsel that, as no petition for the appointment of the guardian had been presented by it, the present proceeding must be without result. In this respect it is believed he was mistaken. In an ordinary case of administration of an intestate's estate, where several persons are equally entitled to letters, and one of them petitions, and obtains a citation for the others to show cause why the letters should not be granted to him, and on the return-day the others appear, and show good reason why they should not, the surrogate may issue letters to either or all of the others without any petition to that effect being presented or filed. The original petition, it is assumed, as in this case, will have stated facts sufficient to confer jurisdiction of the subject-matter, and proof of the citation of the persons. Thus the surrogate is in a position to adjudicate upon this matter, and he has a discretionary power to determine which shall administer the estate.

"The petitioner, as a person interested in the estate, had a right, under the section, to present the petition; and the same section leaves it discretionary with the surrogate as to the length of the notice to be given to the other persons interested. It then designates the classes of persons to whom, and the order in which, the letters shall be issued. Now, if it should so happen that

there was one among several residuary legatees who was a minor at the time of filing the petition, having no general guardian, and it should be made to appear on the return-day that he had attained his majority, he would undoubtedly have an equal right with the others to the letters. And so, also, if it should appear that he had, since the filing of the petition, being still a minor, had a guardian appointed, the guardian, as such, would be equally entitled to letters. 2 Rev. St. p. 75, § 33; 4 Rev. St. (8th Ed.) 2553. The guardian could appear without having been served with a citation.

"The chief considerations which induce the selection of the guardian to receive the letters, instead of any one else who may be entitled, are as follows: There seems to be a lack of harmony among the legatees which may lead to difficulties in the administration, if not to litigations, which should be avoided, if possible. The will orders and directs a sale of testator's real estate for the purpose of his will, operating an equitable conversion of it into personalty. The value of the estate is assumed to be $2,000,000. Hence any individual appointed would be required to give a bond in the penalty of $4,000,000, with two sureties, who should each justify to the amount of the penalty, or otherwise as the statute provides. The trust company has also, under a power given by the will to John G. Wendel, the person named as executor and trustee therein, been designated trustee to execute the trust created thereby. These reasons induce me, under discretionary power conferred in such case, to award the letters, and commit the administration of this large estate, to the trust company; the certificate of its appointment as guardian having been filed, and its consent to accept the same having been given through its counsel. Its financial standing and integrity of management are deemed a sufficient guaranty that the estate will be wisely and prudently administered."

Various interested parties appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles F. MacLean,* for appellant Ives. *Donohue, Newcombe & Cardozo,* (*Stephen C. Baldwin,* of counsel,) for appellants Cordelia W. and Albert Chauvet. *R. E. Robinson,* for respondent the New York Life Ins. & T. Co. *George G. Reynolds,* for respondent Victoria A. McKenzie. *Edward T. Bartlett,* for respondent American Female Guardian Soc. & Home for the Friendless. *Frederick B. Van Vorst,* for respondent Children's Aid Soc. *Edgar M. Johnson,* for respondents Ophelia J. Cuthbert and others.

PRATT, J. The appointment by the surrogate of the New York Life & Trust Company was eminently wise, and should be affirmed. The careful opinion rendered by the surrogate renders any extended discussion unnecessary. The purpose of the statute in preferring a residuary legatee as administrator is obviously because such person will ordinarily be interested in an economical administration of the estate; and when the residuary legatee is a minor the same reasons suggest the appointment be given to the guardian as provided by the statute. Order affirmed. All concur.