[S. F. No. 927.   Department One.—March 23, 1898.]

In the Matter of the Estate of GEORGE TRUE, Deceased. THEODORE GORNER, Appellant, v. CHRISTIANA TRUE, Respondent.

WILL—RENUNCIATION BY COEXECUTOR—WITHDRAWAL OF RENUNCIATION—ESTOPPEL.—One appointed as coexecutor of a will, who renounces his right as such, may retract his renunciation at any time prior to the grant of letters to the other. The fact of such renunciation, even if done in pursuance of an agreement with the other executor, cannot operate to estop him from withdrawing it.

APPEAL from an order of the Superior Court of Alameda County refusing to grant letters testamentary. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Thomas Scott, and Thomas C. Huxley, for Appellant.

Nye & Kinsell, for Respondent.

HARRISON, J.—By the last will and testament of the deceased the appellant and respondent were appointed its executors. After his death, and prior to filing the will for probate, the two executors visited the office of an attorney for the purpose of commencing proceedings for the probate of the will, and at that interview the widow expressed a desire to administer the estate alone, and requested Gorner to renounce his right, which he consented to do, and indorsed his renunciation upon the will. The will was thereupon filed, together with the petition by the widow for its probate and the issuance of letters testamentary thereon to her. Prior to the hearing of this petition, Gorner filed a retraction of his renunciation, and also a petition that letters testamentary be issued to him in conjunction

with the widow. To this petition the widow filed a contest and objection upon the ground that he had renounced his right to be appointed. The petitions were heard together, and the court denied the petition of Gorner, and granted that of the widow, and ordered letters testamentary to be issued to her. From this order Gorner has appealed.

At common law, the rule was well settled that the renunciation of an executor might be retracted at any time before letters had been actually granted to another. (1 Williams on Executors, 7th Am. ed., 333; Woerner's Law of Administration, 513; Redfield's Practice of Surrogate Courts, 256; Rice's Probate Law, 339; *Robertson v. McGeoch*, 11 Paige, 640; *Casey v. Gardiner*, 4 Bradf. 13; *Taylor v. Tibbatts*, 13 B. Mon. 184.)

This rule is conceded by the respondent, but she seeks to sustain the order appealed from upon the ground that the appellant is estopped from asking the appointment. We do not, however, consider that there are any elements of estoppel presented. It does not appear that the respondent was induced to incur any expense, or to change her condition to her detriment in any respect by reason of the renunciation prior to its retraction, or that there is anything inequitable or unjust toward her or toward the estate by this conduct of the appellant. But, aside from these considerations, the relation of the appellant to the respondent does not admit of the application of the principles of estoppel that would be pertinent in contractual dealings between them, or if they had each been acting in their own right. The appellant derives his right to be appointed an executor from the testator, and not from the respondent. The appointment of each is a part of the testator's will, equally with the disposition made by him of his estate. The execution of the will is a trust that has been conferred upon each of them by him, and neither of them can be estopped from carrying out this trust by reason of any conduct toward the other. While the failure of the appellant to apply for letters until after they had been issued to the respondent might have precluded him from claiming a right to them, so long as those letters were in force, he is not estopped by reason of his renunciation from claiming them at any time before they were granted to her. An agreement with her not to apply for letters could not have been

enforced against him, for the reason that it would have been against public policy (*Bowers v. Bowers,* 26 Pa. St. 74; 67 Am. Dec. 398; *Ellicott v. Chamberlain,* 38 N. J. Eq. 604; 48 Am. Rep. 327); and acts and conduct of one which would create an estoppel in favor of another, cannot have any greater force than a solemn agreement between them.

The order is reversed.

Garoutte, J., and Van Fleet, J., concurred.