**1. ADMINISTRATOR—RENUNCIATION OF RIGHT.**
　　Letters of administration should not be revoked because prior to the appointment a renunciation of a right to administer had been executed, where it was withdrawn by permission of the court.

**2. SAME—REMOVAL.**
　　An administrator will not be removed, as "improvident," within the meaning of Code Civ. Proc. § 2685, subd. 2, relating to acts disqualifying an administrator, because a trust in real estate has, while in his hands, greatly diminished in value and income.

**8. SAME—RIGHT TO APPOINTMENT.**
　　Where testator by a will devised his real estate equally to his seven children, and to a trustee for the eighth for life, with remainder over to his issue, the beneficiary is equally entitled with the other children to be appointed as an administrator; and an appointment, without notice to the others, of such beneficiary, is valid.

In the matter of the estate of Seabury Treadwell. Application to revoke letters of administration. Application denied.

Blandy, Mooney & Shipman and Rastus S. Ransom, for petitioner.
Gantz, Neier & McKennell, for respondent.

THOMAS, S.   Letters of administration with will annexed were issued to the respondent on an ex parte application made by him, the persons named in the will as executors being dead. The petitioner asks that such letters be revoked, basing her application on several grounds. It is insisted, in the first place, that some months prior to the granting of the letters in question the respondent executed a formal renunciation of any right to administer. This paper, upon its face, was intended to be used to enable the petitioner to be appointed jointly with a third person. It is dated March 8, 1900. No attempt seems to have been made to act upon it. It was never filed in this court, and the letters to the respondent were not issued until December, 1900. Such a renunciation may always be withdrawn, by permission of the court, before it is used (Code Civ. Proc. § 2639; In re Haug's Estate, 29 Misc. Rep. 36, 60 N. Y. Supp. 382); and it has been held that it is a mere waiver, subject to a legal right of retraction at any time prior to rights having vested upon the faith of it (Casey v. Gardiner, 4 Bradf. Sur. 13; In re Wilson, 92 Hun, 318, 322, 36 N. Y. Supp. 882). If my permission were necessary to validate such retraction it would, under the circumstances, be granted, and the letters should not be revoked on the ground of such renunciation having been executed.

It is also contended that the respondent is "improvident," within the meaning of the statute (Code Civ. Proc. § 2685), and therefore unfit to act as administrator. The only proof offered on this head concerns the management of certain real estate in Brooklyn conveyed to the respondent as a trustee upon a trust in which he himself is a life beneficiary. All of his acts as such trustee have repeatedly been examined by the supreme court, without disapproval. The property has greatly diminished in value, and has not been so productive of

income as was anticipated; but nothing in the history of this unfortunate investment would justify a finding that the respondent has a mental tendency towards improvidence, of a degree that would legally disqualify him to administer upon an estate.

The right of the respondent to letters is also challenged. By the terms of the will, the residuary estate, after payment of certain legacies, and subject to a life estate of the widow, since deceased, was devised and bequeathed one-eighth part to each of seven of his children, and the remaining one-eighth part to his executors, in trust to apply the income thereof to his son, the respondent, for his life, with remainder to his child or children, and, failing such child or children, to the descendants of the testator. Upon these facts, the respondent, as beneficiary of the trust of one-eighth of the residue, had an equal right to administer with each of the other residuary legatees. In re Roux, 5 Dem. Sur. 523; In re Thompson's Estate, 33 Barb. 334, affirmed in 28 How. Prac. 581. No one of these persons was, in strictness, a residuary legatee, entitled to a preference in administration over the others; but they are remainder-men or general legatees, and to be classed together. Quintard v. Morgan, 4 Dem. Sur. 168. In the discretion of the surrogate, letters could lawfully be issued to any one of the persons entitled, without citing the others having only equal claims, and that was done in this case. Code Civ. Proc. § 2644; In re Wood's Estate (Sur.) 17 N. Y. Supp. 354; In re Richardson, 8 Misc. Rep. 140, 29 N. Y. Supp. 1079; In re Lasak's Estate (Sup.) 8 N. Y. Supp. 740, affirmed in 121 N. Y. 706, 24 N. E. 1100. The facts were sufficiently set out in the petition, and no deceit was practiced on the court. The respondent has given security in an amount not suggested to be insufficient. The application is denied.

Application denied.