Gunter, J.
The complaint was upon two promissory notes signed by appellants and payable to appellee. The answer set up the following agreement:
“Memorandum of agreement made and entered into this 23rd day of November, A. I). 1896, by and between Horace G. Clark, of Greeley, Colorado, of the first part, and Lydia W. Currier and Henry F. Currier, acting for themselves, and so far as they are able, acting for other parties interested in the estate of Warren Currier, deceased, of the second part:
Witnesseth: In consideration of an amicable *251 adjustment, compromise and settlement of divers matters heretofore in controversy, it is hereby agreed as follows:
First. Said Clark shall and hereby does tender his resignation as one of the executors of the last will and testament of Warren Currier, deceased, a copy of which is attached hereto and made part hereof, to take effect on or before the 25th day of January, A. D. 1897, on conditions therein expressed as tvell as those herein provided, not subject to revocation unless the conditions herein mentioned shall not be complied, with.
Second. The compensation of said Clark as said executor when said resignation is accepted, shall be settled upon a basis of an annual salary of five hun-. dred dollars per yeár, net, to said Clark as said executor. Any disbursements for aid in bookkeeping and for commissions of collectors of rent, shall be allowed as an expense item against the estate, and not be deducted from the salary of the executor.
Third. Upon the acceptance of said resignation and as a condition to all matters herein provided, an appeal now pending in the district court of Weld county, Colorado, of a certain proceeding brought by Lydia W. Currier, the minor grandchildren of the late Warren Currier, deceased, by Abel K. Packard, their next friend, and Virginia W. Currier, against said Clark and his co-executor Johnson, and against Henry F. Currier and George W. Currier, shall be dismissed at the cost of petitioners and appellants.
Fourth. In further consideration of 'said resignation, as a part of said general compromise, it is understood that certain notes signed by the parties of the second part, payable to said Clark, have been delivered simultaneously herewith.
Fifth. The trial order in said cause pending in the district court shall, by stipulation, be forthwith *252 vacated and said canse stand continued until the agreements herein contained are carried out, on or before the 25th day of January, A. D. 1897, 'and if not then carried out, said cause to stand on the docket for trial as the parties may be advised.
In Witness Whereof, The parties have hereunto set their hands the day and year first above written, in duplicate.
Horace G. Clark, •
Lydia W. Currier,
H. F. Currier,
STATE OF CoLoRADo, COUNTY OF WELD. ss.
In the county court sitting for probate business. In the matter of the estate of [Warren Currier, deceased. Resignation of Horace #G. Clark, as executor.
Comes now Horace Gr. Clark, one of the executors of the last will and testament of Warren Currier, deceased, heretofore appointed as such in lieu of Charles IT.8 Wheeler, resigned, and tenders to said court his resignation of said office or trust, to take effect on the 25th day of January, A. D. 1897, or as soon prior thereto as full itemized and detailed report and statement of account of the acts and doings and financial transactions of the undersigned, and his co-executor, Bruce F. Johnson, are filed with said court, and this resignation shall be accepted, with acquittance of the undersigned and his sureties on account of his executor’s bond heretofore filed herein.
Dated, at Greeley this 23rd day of November, A. D. 1896.
Horace G. Clark.”
The answer also averred that the notes sued on were made at the same time as the foregoing contract and were a part of the same transaction. These allegations were admitted by the replication. Appellee upon trial introduced the notes and rested. Appellants thereupon moved for judgment *253 upon the pleadings, which being denied they stood on their motion, and judgment went for appellee. Therefrom is this appeal.
As the execution of the notes was admitted by the answer, their introduction did not change the case as presented by the pleadings. Its determination rests upon the pleadings, and the single question is: Does the allegation of the answer, that the notes were a part of above contract, constitute a defense to this action? If so the judgment below should be reversed. The notes are part of those referred to in paragraph 4 of the contract. Appellants contend that the contract is illegal; that the notes being an inseparable part thereof, and being executory, are vitiated by the same illegality. Several reasons are urged why the contract is illegal; it is necessary to consider but one, that is, the provision thereof, that there shall be a resignation of appellee as executor of the estate of Warren Currier, deceased. The contract was between appellee, then an executor of said estate, and appellants, certain of the beneficiaries thereof; thereby appellee agreed in consideration of the settlement of divers matters theretofore in controversy, and upon conditions expressed in the contract and set out in his resignation attached thereto, to resign as executor. These conditions were:
1. That he should be allowed a certain net compensation as executor upon final settlement.
2. That a certain suit pending against him and others should be dismissed.
3. That a certain sum should be paid him, evidenced by delivered notes, part of which are the notes in suit.
4. That he and his bondsmen should be discharged from liability on his bond as executor.
Paragraph first of the contract states that the agreement to resign is upon conditions provided in *254 the contract. One of the conditions of the contract resting upon appellants is the giving of the notes in suit. Paragraph 4 of the contract recites, in effect, that in further consideration of the resignation the notes are delivered. The resignation was in part conditioned upon the giving of the notes, the giving of the notes in part upon the agreement to resign. The agreement to resign and the notes are inseparable parts of the same contract. If 'the agreement to resign was illegal, it vitiated the entire contract, including the notes executed as a part thereof.
“"Where a contract which is entire contains a stipulation or agreement which is illegal, and which, therefore, is not severable from the balance of the contract, such illegal stipulation or agreement cannot be ignored and the other provisions of the contract enforced; the illegal stipulation or agreement in such a case penetrates and corrupts the whole contract and vitiates it as an entirety.” — 15 Am. and Eng. Ency. of Law (2d ed.), p. 988; Hoyt v. Macon et al., 2 Colo. 502; The Pueblo and Arkansas Valley R. R. Co. v. Taylor et al., 6 Colo. 1.
The agreement of appellee, for a consideration, to resign as executor, was illegal.
In Bowers v. Bowers, 26 Pa. St. 74, an intestate was indebted to plaintiff, his father; the defendant agreed if plaintiff would renounce the right to administer and permit and procure letters of administration to be issued to the defendant, that he, defendant, would assume and pay the amount of indebtedness of deceased to plaintiff. The contract was held illegal. The court further held that the office of administrator very much resembled a public office, that if public policy forbade traffic in an office, such as postmaster, it would for superior reasons interdict barter in respect to the more sacred trust of administration. The principle upon which the case rests is that the *255 office of administering an estate is a place of trust and confidence, and may not be made a matter of traffic and sale.
In Eddy v. Capron, 4 Rhode Island 394, 67 Am. Dec. 541, the action was upon an order drawn by defendant, then physician of the marine hospital of the port of Providence, upon Bradford, collector of that port, requesting Bradford to pay to plaintiff’s assignor a certain sum, which should then be due to defendant for medical services rendered to the marine hospital. The consideration for the order was the resignation of the said office of port physician. There was no evidence of any promise. to recommend the defendant or to exert any influence to procure his appointment as port physician. The gist of the facts was that the consideration for the order was the agreement of the port physician, defendant’s predecessor, to resign. The court held, although the contract provided simply for a bare resignation, that because it did so provide it was illegal, being against public policy, and that the order sued on being based upon and a' part of the illegal contract, was void.
In Porter v. Jones, 52 Mo. 399, 403, the plaintiff agreed with defendant that in the event the then administratorof an estate resigned that he would procure the appointment of a responsible individual as his successor. A note was given by the defendant to plaintiff as a part of this agreement, a part of the consideration thereof being his agreement to secure' the appointment of a responsible individual as administrator. The court held the contract illegal as against public policy and the note void. In the course of the opinion it said:
“The main purpose of the agreement was to secure the appointment of an administrator. This agreement amounts to a trafficking in this important trust. Although it is not a public office, it is never *256 theless a private trust just as sacred, and arises from an appointment to be made by a public court or officer. An agreement to procure an appointment to office is against public policy and void. The trust devolved upon an administrator through the appointment of a public functionary, ought to have the same safeguards thrown around it as. if it were a public office.
“The note sued on in this case, and the agreement upon which it was based, must be taken together and viewed as one instrument. As they amounted to a trading in the appointment of an administrator, they are void as against public policy. This seems to be well settled by the authorities.”
“Contracts for the payment of money to a public officer in consideration of his resigning his office have been held illegal. ’ ’ — 15 Am. and Eng. Ency. of Law, 967.
In Ellicott v. Chamberlain, 38 N. J. Eq. 604, 48 Am. Rep. 327, 329, 330, an executor agreed to resign as such in consideration of which there was an agreement to pay him a certain sum. It was held that the agreement to resign was illegal, being against public policy, and that such illegality vitiated the contract to pay money arising thereon. The court said:
“There is no doubt that the agreement of Mr. Chamberlain to renounce for a consideration was illegal, not because of fraud or duress, as was urged before the chancellor, but because it is against public policy. It is a general principle, universally enforced, that trustees cannot use their relations with trust property to their personal advantage. An agreement to accept money or other valuable thing as consideration for violating or abandoning a trust, is illegal. A person named in a will as executor is not obliged to accept. He may voluntarily renounce for reasons that do not involve mercenary motives, but he has no *257 right to make merchandise of the confidence reposed in him by a testator. ’ ’
In Staunton v. Parker, 19 Hnn, 55, the executor for a consideration agreed to renounce his appointment as such; the agreement was held void as against public policy. See also Estate of True, 120 Cal. 352.
The agreement by appellee to resign for a consideration was a part of the contract upon which these notes were based. The agreement to resign entered into the contract and into the notes, it was illegal. Such being true, the illegality vitiated the notes. The judgment below upon the pleadings should have been for appellants. It was otherwise, and must be reversed. Reversed.