Matter of the Application for the Appointment of an Administrator with the Will Annexed under the Last Will and Testament of ADELIA K. FERGUSON, Deceased.

(Surrogate's Court, Kings County, October, 1903.)

Administrator with the will annexed — Beneficiary as such administrator — Person incompetent for " improvidence ".

A person whose share in the residuum of an estate is directed by a will to be held in trust for him during his life is not entitled

Surrogate's Court, Kings County, October, 1903.   [Vol. 41.

to a preference in administration of the estate with the will annexed as being a residuary legatee and this because he is only the beneficiary of a trust and such a beneficiary is not a " legatee " within the meaning of Code Civ. Pro., § 2643.

A person should be refused administration for " improvidence " (Code Civ. Pro., § 2661), where he has not been able to accumulate any property or support his children and where by living beyond his means he has been compelled continually to borrow from others.

'APPLICATION for the appointment of an administrator with the will annexed.

J. Alexander Koones, for petitioner.

Robert T. B. Easton, for Margaretta A. Pomeroy and others.

Samuel Robert Taylor, for Annie Matthews and others.

CHURCH, S.   The executor nominated under the will which has been admitted to probate died before the issuance of letters testamentary.   Application is made by Hamilton Pomeroy for the issuance of letters of administration with the will annexed to him, on the ground that he is the residuary legatee, and, therefore, entitled to same under the provisions of section 2643 of the Code of Civil Procedure. The question as to his rights to these letters turns, therefore, solely upon the question of whether or not he is the residuary legatee within the meaning of such section of the Code.

Under the provisions of the will in question, after making certain specific legacies, the will gives to the executor the residuum of all of the property, with full power of sale, with instructions to dispose of the residuum.   It provides that certain specific sums shall be set apart and held by the executor in trust for certain beneficiaries, and after this is done it directs that of the remainder one-half is devised absolutely to a person therein named, and the other half is directed to be held in trust during the lifetime of the petitioner herein;

Hamilton Pomeroy, and upon his death to be held in trust until his youngest child becomes twenty-one years of age, when such money is to be divided among the children of said Hamilton Pomeroy.

It has been held that the beneficiaries of a trust created under a will are entitled to be regarded as residuary legatees under the provisions of this section. Matter of Roux, 5 Dem. 523. But the question under discussion in that case was not applicable to the circumstances of the present case, as the question there rather turns as to the respective rights of the beneficiary or a third party.

In Matter of Treadwell, 37 Misc. Rep. 584, Surrogate Thomas has expressly held that where a residuary estate is divided between certain persons, portions of which being given absolutely and the other portions in trust for the benefit of the persons therein named, the beneficiaries of the trust are entitled equally with the persons who share absolutely to letters of administration with the will annexed. But it seems to me that this decision ignores the interpretation which the courts have put upon the word "legatee," namely, that it is a person who takes personalty under a will. Weeks v. Cornwall, 104 N. Y. 325. Judge Thomas in his opinion states that this is so, but states that the persons all being remaindermen or general legatees should be classed together.

It seems to me that the Legislature, in providing for the persons who are to be entitled to letters of administration with the will annexed, must be presumed to have had in mind the fact that many estates were left in trust, and so that when they used the word "legatee," which had received a specific and definite meaning by the decisions of the courts, that they were presumed to use it in its strict interpretation, and that if there had been any intention in their minds to permit the beneficiaries of certain trusts to have equal rights with persons who are direct legatees, they would have stated so.

This is more evident to my mind as we know that in many cases property is specifically left in trust in consequence of the fact that the beneficiary of the trust is deemed

Surrogate's Court, Kings County, October, 1903.   [Vol. 41.

by the testator incapable of attending to the management
of his property if it was left to him intact.   In fact, in this
very will in question, there is no doubt that the testatrix,
while having regard and affection for Mr. Hamilton Pome-
roy,. did not regard him as a person of sufficient ability to
take charge of his own property and, consequently, she left
it in trust for his benefit.   If she had so regarded, or if
she had thought that it was possible for him to act as trustee
for this entire estate, there is no question that she would
have named him with his brother Ralph Pomeroy as an
executor and trustee, or at least would have provided that in
the event of his brother Ralph's death that he should then
be entitled to act as such trustee.

I am, therefore, compelled, with reluctance, to disagree
with Judge Thomas on this matter.

But it seems to me that even if Mr. Hamilton Pomeroy
was entitled, as residuary legatee, to letters of administra-
tion with the will annexed that he is not a proper person to
receive the same on the ground that he is improvident within
the meaning of section 2661 of the Code.

The generally accepted definition of "improvidence" is
lack of prudence, care and foresight, and this provision of
the Code has been interpreted to mean as follows (Coope v.
Lowerre, 1 Barb. Ch. 45):   "The improvidence which the
framers of the revised statutes had in contemplation, as a
ground of exclusion, is that want of care or foresight, in the
management of property, which would be likely to render
the estate and effects of the intestate unsafe, and liable to
be lost or diminished, * * * in case administration
thereof should be committed to such improvident person."

With this legal definition of the meaning of this word
the matter is, therefore, left to the sound discretion of the
surrogate in the peculiar and special facts of each particular
case.

In this particular case it appears that Hamilton Pomeroy
has not made a success of his business life.   It appears that
he has been a lawyer, a stenographer, a book agent, has acted
as editor on some small fraternal paper, and been engaged

Misc.]     Surrogate's Court, Kings County, October, 1903.

in many things. · It also appears that for a large portion of the time when he was engaged in the practice of law that he was acting as clerk at a very moderate salary for a firm in New York city, and that his services were of a general character, as lawyer, stenographer, clerk and incidentally editor of a fraternal paper in which the persons were interested.

It appears that he has been unable to support his family, and that the support of the children has been largely due to assistance received from his relatives, and it also appears that he has been almost continually borrowing from his brother Ralph Pomeroy various sums of money, mostly in small amounts.

It may be that this man has been particularly the victim of bad luck, but after listening attentively to his own testimony and the evidence which was given in the matter, it seems to me that he belongs to one of that class of persons who seem to be absolutely incapable of making a success of their business life.    This is further accentuated by his failure to make his living expenses conform to the amount of his earnings, thus necessitating repeated applications to near relatives for sums of money to relieve him from the indebtedness into which he had become involved.

It seems to me that in testing the meaning of the word " improvidence " that we should not limit it by a man's ability to hold large sums of money which he has never obtained, but rather we should consider whether a man has care and foresight so as to be enabled to acquire any property.

It seems to me, therefore, that to place a man who has been unable to acquire any property to any extent whatever, who has been unable to make a success of his life, as trustee of a large estate of this kind, is subjecting the same to a risk which was not within the contemplation of the statute or 'of the testatrix.    It is quite evident that this testatrix did not regard this Hamilton Pomeroy as possessed of sufficient ability and foresight to take care of that which she would naturally give him, as she devised the same in trust for him to his brother Ralph, and made no provision what-

Surrogate's Court, Rensselaer County, October, 1903.   [Vol. 41.

ever for the possible contingency which has arisen by the death of Ralph.   If she had regarded this nephew who now seeks to be appointed administrator with the will annexed as being of sufficient competency there is no doubt but that she would have given him his share absolutely, or if, for any reason, she did not wish to do that, it is very probable that she would have made a provision that in the event of the death of the executor, that then he should act in his brother's stead.

Nor does it seem to me sufficient to say that the man could give a bond of a surety company, who will be responsible for his actions.   If we consider that to control, then the personnel of the administrator would not enter into the case in any event, and the provisions of this section of the Code would be rendered nugatory.

The theory of this section, as I understand it, is this:   It is not as to whether the estate, in the event of an administrator's mistake, will be enabled to recover from a surety company for the mistakes, but that it should not be subjected to the chances of loss in the first instance.

Accordingly Margaretta Pomeroy, the executrix and principal beneficiary of Ralph Pomeroy, and who is also a specific legatee under this will, seems to me to be the person best entitled to letters of administration upon this estate.

Letters of administration with the will annexed will issue to her accordingly, upon giving the bond required by statute.

Application granted.